Francisco Ponsa Feliú, Wilson Colberg, San Juan, P. R., for libelant.

Pieras & Martin, San Juan, P. R., for respondents.

**MICHELENA & CO., Inc., Libelant,**

v.

**AMERICAN EXPORT AND ISBRANDT-SEN LINES, INC. and New Light Fire & Marine Insurance Company Limited, Respondents.**

**No. 17–65.**

United States District Court
D. Puerto Rico.

Sept. 29, 1966.

## ORDER

CANCIO, District Judge.

This case is now before the Court on a motion by Respondent to dismiss the cause of action on the grounds that the libel was brought after the statute of limitations had run.

It has not been disputed that the libel was brought after the one year period provided by law in these cases under the Carriage of Goods By Sea Act, 46 U.S. C.A. § 1300 et seq., had elapsed. Neither has it been disputed that Libelant did not expressly request or obtain an extension of time wherein to sue.

Libelant urges, on the other hand, that he was led to believe by Respondents that the matter would be settled extra-judicially and that conversations and approaches were had along those lines, even as late as March and May 1965. Libel was filed in July 1965. Respondent does not deny this is so; but asserts that, irrespective of those approaches, the statute runs automatically and is not thereby interrupted.

During the course of the hearing of this motion, this Judge asked the attorney for the defendant whether his inter-

pretation of the law was so strict as to permit the following situation:

█ A person who believes he has a claim under the law, contacted promptly the person whom he believes responsible for his damages. The potential respondent entertains verbally or otherwise his claim and both commence negotiations toward a possible settlement. Negotiations take some time and, after having discussed the matter for a period of almost one year, on the very night of the last day of the year of the term of the statute of limitations, after twelve o'clock, the potential respondent informs the potential libelant: "I am very sorry. The time has elapsed. I have been fooling you all these days but the law states that you had just one year in which to make your claim in Court. Now I don't owe you anything at all." The answer given to this hypothetical situation by the proctor for the respondent was, "Yes, your Honor, I believe that that is the law." We do not agree. This Court can not impute to the Congress such an absurdity and such an act of injustice. It

is true that the law seems to be clear in that the period for the statute of limitations will not be interrupted by acts like the one mentioned. Nevertheless, this is not a matter of interruption of the period of prescription. This is a matter of justice which has been foreseen by our legislators. We do have the institution to avoid abuses like this: estoppel. I have no doubt in my mind that the defendant is estopped in this case and that he can not exercise any right that he could have to invoke the expiration of the term of the statute of limitations.

█ It is the ruling of this Court that the principles of Equity require that no man shall profit from the wrong he himself inflicts. Glus v. Brooklyn Eastern District Terminal, 1959, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770. Therefore, although the statute of limitations has run, Respondents are estopped by their actions from raising this defence.

In view of the foregoing, it is now ordered, adjudged and decreed that the motion of Respondents for summary judgment be, and hereby is, denied.