EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* INOCENCIO BATISTA, acusado y apelante.

*Número:* CR-71-22    *Resuelto:* 10 de noviembre de 1971

*Santos P. Amadeo*, abogado del apelante; *Gilberto Gierbolini*, *Procurador General*, y *Peter Ortiz, Subprocurador General*, abogados de El Pueblo.

PER CURIAM: El apelante fue convicto el 2 de noviembre de 1970 en juicio *de novo* por una infracción a la Sec. 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico (9 L.P.R.A. sec. 871), y condenado a pagar una multa de $100 dólares.

En apelación señala, como único error, que se le privó del derecho a juicio por jurado, de acuerdo con los casos de *Duncan* v. *Louisiana*, 391 U.S. 145 y *Baldwin* v. *New York*, 399 U.S. 66.

En *Duncan* v. *Louisiana*, supra, se decidió que el derecho a juicio por jurado en casos criminales es un derecho fundamental, por lo que los estados vienen obligados a reconocerlo como parte de la garantía del debido procedimiento de ley. En *Baldwin* v. *New York*, supra, se limitó la aplicación del derecho a juicio por jurado a aquellos delitos cuya penalidad máxima excediera de 6 meses.

El delito por el cual fue convicto el apelante es uno menos grave cuya pena máxima ha sido limitada por la Ley Núm. 9 de 7 de julio de 1971 a no más de 6 meses de cárcel ni más de $500 dólares de multa.

Asumiendo la aplicabilidad del caso de *Baldwin* al juicio *de novo* celebrado contra el apelante el 2 de noviembre de 1970, consideramos que tratándose, como se trata, de un delito menos grave cuya pena ha sido limitada a no más de 6 meses de cárcel, concluimos que bajo estas circunstancias no se justifica que intervengamos con la sentencia dictada.

*Se confirmará la sentencia dictada por el tribunal de instancia.*

El Juez Presidente, Señor Negrón Fernández y el Juez Asociado Señor Hernández Matos no intervinieron.