**AUSTIN, NICHOLS & CO., INC.,**
Plaintiff,

v.

**The CUNARD STEAMSHIP LIMITED, Cunard Line Limited, Rederi M. S. Myren, S. S. ANGANTYR, Defendants.**

No. 71 Civ. 118.

United States District Court,
S. D. New York,
Civil Division.
Dec. 14, 1973.

Fennelly, Douglas & Nager, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendants.

## MEMORANDUM AND ORDER

EDELSTEIN, Chief Judge:

This is an action to recover damages for failure to deliver cargo shipped on board the S.S. Angantyr, which arrived in New York from Glasgow, Scotland in September, 1968. Plaintiff Austin, Nichols filed formal claims for the shortage with defendant-carrier in November and December of 1968. After failing to receive payment on its claims, plaintiff filed suit in this Court on January 11, 1971. In March, 1973 defendant moved for summary judgment on the ground that the suit is time-barred because it was not commenced within one year after the goods were to have been delivered, one year being the period provided by the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 et seq. Plaintiff, while conceding that the one year time period has elapsed, contends that the defendants are estopped by their own conduct in processing the claims from asserting the statute of limitations as a defense to plaintiff's claim.

Defendants' motion was denied with prejudice, by an Order dated October 17, 1973, after defense counsel's failure to appear at oral argument on the motion, and attorneys' fees were assessed against defendant. Defendant now moves, under Rule 9(m) of the General Rules of the United States District Court for the Southern District of New York, for re-argument and reconsideration of the order denying summary judgment. Defense counsel states that its failure to appear was the result of clerical error. It is the opinion of the Court that in offering this excuse the defendant has not shown any "matters or controlling decisions" overlooked by the Court as specified by Rule 9(m). However, the Court has broad discretion in this area and in the interest of efficient management of this case will deal with the motion for summary judgment.

Even a cursory review of defendants' motion leads the court to the conclusion that the motion must be denied because of the existence of a genuine issue of material fact. It is a fundamental rule in summary judgment motions that, as Professor Moore notes, "a defendant should not be granted summary judgment where an affidavit in opposition and other extraneous materials present a genuine factual issue as to defendant's conduct that would equitably estop him from asserting the statutory bar." 6 Moore's Fed.Prac. ¶ 56.17(21). In ruling on defendant's motion, this Court, therefore, must determine whether, as a matter of law, estoppel is a valid defense to defendant's claim and, if so, whether the record presents a genuine issue of material fact as to the existence of such an estoppel.

Defendant's position is that nothing short of an express agreement by the parties can stop the running of the one-year statute of limitations and that the expiration of the limitation period automatically extinguishes the cause of action. The question, however, is not whether the running of the statute was tolled by defendants' actions but rather whether, as a matter of equity, defendant is estopped from asserting the time bar in defense to this action. In the case of Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L. Ed.2d 770 (1959) the Supreme Court was confronted with the argument, similar to that made by defendant here, that the time-bar clause of the Federal Employers' Liability Act operated to extinguish the cause of action, regardless

of any allegedly inequitable conduct by the defendant. The Court applied the equitable maxim that no man may take advantage of his own wrong and held that the defendant was estopped from relying on the statute of limitations. The Court said, "Deeply rooted in our jurisprudence this principle [that no man may profit by his own wrong] has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations." Glus v. Brooklyn Eastern Terminal, *supra* at 232–233, 79 S.Ct. at 762.

The possibility of employing the doctrine of estoppel to prevent inequitable reliance on the statute of limitations has long been recognized in the context of the COGSA. In The Argentino, 28 F.Supp. 440 (S.D.N.Y. 1939) the court found that "the policy of justice and equity which is supposed to find expression in every judicial decision" compelled it to reserve for trial the issue of whether the facts of the case constituted an estoppel in avoidance of the time limitation clause. Implicit in this holding is the premise that such an estoppel is recognized as a defense to the time bar of the COGSA. A similar holding is found in a more recent case. In Michelena & Co. v. American Export and Isbrandtsen Lines, Inc., 258 F.Supp. 479 (D.P.R.1966) the court applied the *Glus* holding to a suit brought under the COGSA and held that the defendant was estopped by its own actions from raising the statute of limitations defense. In light of this case law, this Court agrees with the plaintiff in its contention that inequitable conduct by a defendant may estop it from relying on the COGSA time-bar clause.

Although estoppel is a cognizable claim as a matter of law, the court still must determine whether a genuine issue of material fact exists as to the existence of an estoppel in this case. The parties are in agreement that the basic question in determining whether an estoppel exists is whether plaintiff has been justifiably misled by defendant's actions, whether defendant's ac-

tions have lulled plaintiff into a false sense of security and so induced him not to institute suit in the requisite time period. Glus v. Brooklyn Eastern Terminal, *supra*; Continental Ins. Co. v. Fireman's Assoc. of Philadelphia, 152 F.2d 239 (6th Cir. 1945). By its affidavits, plaintiff alleges that it received assurances from defendants' agents that the claims would be paid, that such assurances continued through and beyond the expiration of the time for bringing suit, that on previous occasions defendant had paid claims to plaintiff in spite of the expiration of the one year period, and that plaintiff did not bring suit within one year because of its reliance on these assurances. These allegations, if sustained, are sufficient to constitute an estoppel under the test set forth above. Defendant, in its affidavits, denies making the alleged promises of payment or granting any extensions of time to sue. Thus, the record, taken as a whole, presents a genuine issue of material fact, the issue of whether and how those events on which plaintiff's estoppel claim is predicated occurred.

Accordingly, the motion for summary judgment must be denied.

So ordered.