**HEMIS TRADING CORPORATION, Plaintiff,**

v.

**NAVIERAS DE PUERTO RICO and/or Puerto Rico Marine Management, Inc., Defendants.**

**Civ. No. 87–1626CC.**

United States District Court, D. Puerto Rico.

Feb. 9, 1989.

George López Keelan, Hato Rey, P.R., for plaintiff.

Mariángela Tirado–Vales, Jiménez, Graffam & Lausell, San Juan, P.R., for defendants.

## OPINION AND ORDER

CEREZO, District Judge.

Hemis Trading Corporation (Hemis Trading), a corporation registered in Puerto Rico and engaged in the business of importing and exporting products, contracted with defendants, Navieras de Puerto Rico (P.R.M.S.A.) and Puerto Rico Marine Management, Inc. (P.R.M.M.I.) for the transportation of a cargo of frozen fish from port of Spain, Trinidad to Pointe A Pitre, Guadaloupe via San Juan, Puerto Rico. This contract of carriage was governed by the terms and conditions of P.R. M.S.A.'s and P.R.M.M.I.'s bill of lading and tariff, subject to the provisions of the Carriage of Goods by Sea Act (C.O.G.S.A.), 46 U.S.C.App. Sections 1301, *et seq.*

Hemis Trading sold the frozen fish cargo to Societé Guadaloupene Du Froid, a company doing business in Guadaloupe. On April 8, 1986 the frozen fish cargo was delivered to Societé Guadaloupene who rejected it, alleging that it was spoiled and damaged.

On May 22, 1986 Hemis Trading presented a formal claim to P.R.M.S.A. and on June 18, 1986 sent a letter inquiring the status of the claim. P.R.M.M.I. sent Hemis Trading a claim acknowledgment notice indicating receipt of the claim on June 24, 1986. In a letter dated August 5, 1986, P.R.M.M.I. informed Hemis Trading that an investigation of its claim was being conducted and requested additional information from Hemis Trading to evaluate the claim. P.R.M.M.I. also suggested that Hemis Trading refer the claim to Hemis Trading's cargo underwriters. A year later, on August 4, 1987, Hemis Trading submitted to P.R.M.M.I. some of the information that had been requested on August 5, 1986. On October 13, 1987 P.R.M.M.I. informed Hemis Trading that its claim was time barred since more than one year had elapsed since April 8, 1986, the date on which the goods were delivered.

Hemis Trading filed a complaint against P.R.M.S.A. and P.R.M.M.I. before the Superior Court of Puerto Rico, San Juan Part which was removed to this Court, pursuant to 28 U.S.C. Section 1441. Federal jurisdiction exists under 28 U.S.C. Section 1337. After filing their answer to the complaint, defendants filed a motion for summary judgment requesting the dismissal of the complaint alleging that under Section 3(6) of the Carriage of Goods by Sea Act (C.O. G.S.A.), 46 U.S.C.App. Section 1303(6), the action was time barred. Hemis Trading filed an opposition and a cross-motion for summary judgment. It alleges that P.R.M. S.A. and P.R.M.M.I. cannot raise as a defense the statute of limitations because they accepted liability in their letter of August 5, 1986 and, acting in bad faith, induced Hemis Trading not to file a timely action. It argues that the holding of *Michelena & Co. v. American Export & Isbrandtsen Lines*, 258 F.Supp. 479 (D.P.R. 1966), is applicable to this situation.

P.R.M.S.A. and P.R.M.M.I. replied stating that their communications with Hemis Trading were neither an admission of liability nor a representation that the claim would be paid and that they did not lull plaintiff into a false sense of security so as to induce it to refrain from instituting suit within the required time.

■ This action is governed *ex propio vigore* by C.O.G.S.A., 46 U.S.C.App. Sections 1301, *et seq.*, Section 3(6) of C.O.G. S.A., 46 U.S.C.App. Section 1303(6), which establishes that "... the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." The one-year term established in this section is one of caducity which admits no interruption. *Fireman's Insurance Co. of Newark, N.J. v. Gulf Puerto Rico Lines*, 349 F.Supp. 952, 960 (D.P.R.1972).

In *Michelena, supra,* this Court held that malicious misrepresentations by the carrier directed to divert the attention of the consignee away from filing a timely action until the time for suit elapses estops the carrier from asserting the statute of limitations defense. The *Michelena* doctrine, however, is not applicable simply because the possibility of settlement was dis-

cussed or explored by the parties. In *Fireman's Insurance Co. of Newark, N.J. v. Gulf Puerto Rico Lines*, 349 F.Supp. 952, at 958, 959 (D.P.R.1972), decided by the same judge, this court distinguished *Michelena*, classifying it as a "unique case" that was "governed exclusively by the malicious misrepresentations of the carrier," and clearly stating that "its merits are of no application to every cargo claim even though in practically all of them settlement conversations or exploration conversations to that effect are held."

■ ] Whether inequitable conduct on the part of the defendants estops them from relying on the limitation period, as occurred in *Michelena*, requires that we decide, in the context of cross motions for summary judgment, whether Hemis Trading was misled by P.R.M.S.A.'s and P.R.M.M.I.'s actions, lulled into a false sense of security, and induced not to institute suit within one year after delivery of the goods. *Austin Nichols & Co., Inc. v. Cunard Steamship Limited*, 367 F.Supp. 947 (S.D.N.Y.1973).

We have reviewed the record and all written communications exchanged between the parties. It is an undisputed fact that Hemis Trading filed this action after more than one year had elapsed from the date the cargo was delivered. The communications exchanged by the parties which are pertinent to the limitations defense and to the conduct of the defendants during the relevant period are the following: (1) letter of May 22, 1986 establishing Hemis Trading's claim to P.R.M.S.A.; (2) follow-up letter on claim dated June 18, 1986 from plaintiff to P.R.M.S.A.; (3) claim acknowledgment notice of June 30, 1986 by P.R.M.M.I. as agent for P.R.M.S.A.; (4) August 5, 1986 letter from P.R.M.M.I. to plaintiff; (5) letter of August 4, 1987 containing information submitted by Hemis Trading; and, (6) letter of October 13, 1987 where Hemis

Trading was informed by P.R.M.S.A. and P.R.M.M.I. that its claim was time barred.

Hemis Trading contends that defendants accepted responsibility for the claim in the letter of August 5, 1986.[1] The language contained in this letter, however, reveals only the initiation of an investigation of the incident and a recommendation that plaintiff make its claim to its cargo underwriters. The carrier clearly stated in its August 5, 1986 letter that it would settle with plaintiff's underwriter "the proportion of the loss ... /it/ would be liable for, if any." This letter was written at a time in which the carrier had just commenced an investigation of the claim. Defendants knew this. The warning that they would settle in the event of any liability would surely put plaintiff on notice that, although defendants did not reject their claim outright, neither were they in any way accepting liability for the $47,635.00 loss at this time. Other than this letter, the language of which does not support plaintiff's contention, there is nothing before us to indicate that defendants ever induced plaintiff to let the caducity term run its course by making misrepresentations or otherwise incurring in unfair conduct.

For the reasons stated, the defendants' Motion for Summary Judgment is hereby GRANTED and Judgment will be entered accordingly. The plaintiff's cross motion for summary judgment is DENIED.

SO ORDERED.

---

1. The letter of August 5, 1986 contains the following language:

   "On the other hand, and without refusing any responsibility at this time, we would respectfully suggest you refer this claim to your cargo underwriters, as you will recover from them the amount of the loss plus an additional 10% of the amount claimed to which you are entitled to. This will be to your benefit as unfortunately we, as ocean carriers, are limited to cost plus freight only. Underwriter will come to us further through subrogation and we will settle with them *the proportion of the loss we may be liable for, if any*." (Emphasis added.)