# 2000 DTA 91

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE BAYAMON
### PANEL I

EL PUEBLO DE PUERTO RICO
Peticionario

v.

DIEGO MALDONADO COLON
Acusado-Recurrido

Núm. KLCE-99-01120

San Juan, Puerto Rico, a 10 de febrero de 2000

Panel integrado por su Presidente, Juez Sánchez Martínez,
la Jueza Cotto Vives y la Jueza Ramos Buonomo

## TEXTO COMPLETO DE LA RESOLUCION

Mediante este recurso, El Pueblo de Puerto Rico nos solicita que expidamos un auto de *certiorari* para revisar una resolución del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo, en la que accedió a una moción del acusado para que no se dictara sentencia en su contra. La moción estuvo basada en que, tratándose de un delito grave, se le juzgó ante un juez de la Sub-sección de Distrito y no ante un jurado como requiere la Constitución.

El abogado y ex-fiscal Diego Maldonado Colón fue denunciado por tres infracciones al Art. 32 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 442, que --según veremos más adelante-- se consideran delitos graves en nuestra jurisdicción. [1] Las denuncias se presentaron ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo. Después de haberse determinado causa probable para su arresto, Maldonado Colón fue citado para juicio sin que se hubiese celebrado antes una vista preliminar. El juicio se celebró por tribunal de derecho ante el Juez de la misma Sala de Guaynabo de la referida Sub-sección de Distrito. Maldonado Colón fue hallado culpable en uno de los cargos y absuelto en los otros dos. Oportunamente presentó una moción de reconsideración del fallo, pero ésta fue denegada.

Llegado el acto de la imposición de la pena, Maldonado Colón solicitó que no se dictara sentencia porque se le había violado el derecho constitucional a juicio por jurado. Con la oposición del ministerio público, que sí se allanó a que la pena a imponérsele no excediera de seis meses, el tribunal recurrido acogió la moción y mediante resolución de 13 de septiembre de 1999, declaró que estaba impedido de dictar sentencia. De esta resolución es que recurre el Procurador General.

El recurso de *certiorari* está predicado en la renuncia implícita del derecho a juicio por jurado. Aduce el Procurador General que Maldonado Colón debió reclamar el derecho a ser juzgado por jurado cuando su caso fue llamado para juicio, no después de recaído el fallo condenatorio, y que no haberlo hecho constituyó una renuncia de ese derecho. No tiene razón.

Aunque tipificada como delito menos grave, la infracción del Art. 32 de la Ley de Armas de Puerto Rico, *supra*, acarrea una pena fija de un año, que con agravantes puede ser extendida a dos años y con atenuantes reducida a seis meses de reclusión. Art. 41 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 451.

Mas en *Pueblo v. Laureano Burgos*, 115 D.P.R. 447 (1984), el Tribunal Supremo resolvió que en virtud del Art. 12 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 3044 --que establece, en lo pertinente, que los *"delitos se clasifican en menos graves y graves"* y que es *"delito menos grave todo aquel que apareja pena de reclusión por un término que no exceda de seis meses"*, constituyendo delito grave *"todos los demás delitos"*- los delitos estatuidos por la Ley de Armas con penas mayores de seis meses de reclusión, se han convertido en principio, por mandato de ley, en delitos graves. Por consiguiente, expresa el Tribunal, *"una persona que sea acusada de la supuesta infracción a dichos artículos de ley tiene derecho a que los casos sean ventilados ante un jurado"*. Id.

Se trata de una norma de derecho constitucional federal. Así, en *Duncan v. Louisiana*, 391 U.S. 145 (1968),

se decidió que, a tenor con la Sexta Enmienda de la Constitución de Estados Unidos, el derecho a juicio por jurado en casos criminales serios (serious crimes) es un derecho fundamental, por lo que los estados vienen obligados a reconocerlo como parte de la garantía del Debido Procedimiento de Ley de la Decimocuarta Enmienda. En *Baldwin v. New York*, 399 U.S. 66 (1970), se resolvió que el derecho a juicio por jurado se extiende a todo delito cuya pena máxima autorizada por ley exceda de 6 meses. Véase *Pueblo v. Batista,* 100 D. P.R. 221 (1971). Este derecho, según el Tribunal Supremo de Estados Unidos, es *"fundamental a la estructura norteamericana de justicia". Duncan v. Louisiana,* 391 U.S., a la pág. 149.

Contrario a lo que afirma el Procurador General en su petición --al proponer que el tribunal *a quo* debió dictar una sentencia de sólo seis meses de reclusión para evadir la cuestión constitucional--, el criterio relevante o controlante en la determinación de si una persona tiene o no derecho a juicio por jurado lo es la severidad de la pena máxima autorizada por ley, es decir, la que el tribunal puede imponer por la comisión del delito en particular. Véanse, *Baldwin,* 399 U.S., a la pág. 68; *Frank v. U.S.,* 395 U.S. 147, 149 (1969); y *Duncan,* 391 U. S., a la pág. 159. A *contrario sensu,* no es ni la sentencia mínima, ni la sentencia realmente impuesta lo que activa el derecho a juicio por jurado sino la sentencia máxima que el estatuto autoriza al tribunal a imponer. *Frank v. U.S.,* 395 U.S. 149; véanse, *Baldwin,* 399 U.S., a la pág. 69; *Duncan,* 391 U.S., a las págs. 161-62.

De hecho, en *Duncan* se anuló el juicio y la condena del acusado porque el estatuto de Louisiana autorizaba una pena máxima de dos años de reclusión (al igual que en el caso de autos), a pesar de que el acusado fue sentenciado a sólo 60 días de cárcel. En Puerto Rico, la nota al calce núm. 5 en el caso de *Pueblo v. Laureano Burgos,* recoge la norma federal: *"En vista de que una vez convicta la persona, el tribunal, ante prueba de atenuantes, podrá imponer la pena de seis (6) meses de cárcel, el delito tipificado en dichos artículos podría convertirse en "menos grave".* Ello, sin embargo, nada tiene que ver con el derecho *"original"* a juicio por jurado. [Cita omitida], *Pueblo v. Laureano Burgos,* 115 D.P.R., a la pág. 449.

Consideremos entonces el argumento central del Procurador General que consiste, en esencia, en sostener que un acusado de delito grave que se somete a juicio por tribunal de derecho sin reclamar afirmativamente su derecho a juicio por jurado, renuncia implícitamente a este derecho constitucional fundamental y no puede plantear la cuestión después de ser hallado culpable, aunque sea antes de que se le dicte sentencia. Apoya su tesis en una nota al calce de *Pueblo v. Laureano Burgos.*

En *Laureano Burgos,* el acusado pidió ser enjuiciado por jurado aun cuando se le había denunciado por tres infracciones de la Ley de Armas que --lo mismo que en el caso de autos-- estaban tipificadas como menos graves, pero eran punibles por penas que excedían los seis meses. Al resolver que el denunciado tenía derecho a juicio por jurado porque las penas autorizadas por el estatuto las convertían en delitos graves, el Tribunal Supremo señaló: *"La decisión a la que se llega está predicada en el hecho de que el peticionario en el presente caso reclamó oportunamente su derecho a Juicio por Jurado."* 115 D.P.R., a la pág. 449, n.7. De esta nota al calce es que el Procurador General deriva la tesis de que el reconocimiento del derecho a juicio por jurado en casos de infracciones a la Ley de Armas que acarreen penas máximas mayores de seis meses, se limita a los casos en que el acusado reclama afirmativamente y a tiempo el derecho a juicio por jurado.

Comenzaremos por decir que la anterior cita no corresponde al *ratio decidendi* de *Laureano Burgos.* Se trata más bien de un dictum cuya fuerza persuasiva languidece ante el texto explícito de la propia Regla 111 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.111. Veamos, pues, lo dispuesto en esta Regla:

*"Regla 111. DERECHO A JUICIO POR JURADO Y SU RENUNCIA.*

*Las cuestiones de hecho en casos de delito grave y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave siempre que originalmente se presentare la acusación en el Tribunal Superior y fueren también de la competencia del Tribunal de Distrito habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa, inteligente y personalmente al derecho a juicio por jurado. Antes de aceptar la*

*renuncia de un acusado a su derecho a juicio por jurado, el Juez de instancia tiene la obligación de explicar al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.*

*El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación. Si la renuncia al jurado se produce una vez comenzado el juicio, es discrecional del juez que preside el juicio el acceder a que el mismo continúe por tribunal de derecho con el consentimiento del Ministerio Público."*

Esta regla es taxativa en cuanto a que la renuncia del derecho a juicio por jurado tiene que ser de manera expresa y, además, inteligente y personalmente hecha. El adverbio *"expresamente"* no es sinónimo de *"implícitamente"*. El texto de esta regla fue tomado en parte de la Regla 23(a) de Procedimiento Criminal federal. Al amparo de ésta, se ha resuelto que para que una renuncia al derecho a juicio por jurado sea válida, es necesario que medie una renuncia expresa y afirmativa de parte del acusado, no bastando con que éste meramente se abstenga de solicitar un jurado o que se someta al juicio sin reclamar uno. *Landry v. Hoepfner*, 818 F.2d 1169, 1178 (St. Cir. 1988). Véase, también, Wright, *Federal Practice and Procedure: Criminal*, Sec. 372, a las págs. 30001 (1982 y Supl. 1999).

Ya dijimos que el derecho a juicio por jurado es un derecho fundamental. Y el Tribunal Supremo ha resuelto que *"las renuncias a los derechos constitucionales fundamentales deben ser expresas y no presuntas, así como voluntarias y efectuadas con pleno conocimiento de causa"*. *Pueblo v. Morales Romero*, 100 D.P.R. 436 (1972); *Pueblo v. Arcelay Galán*, 102 D.P.R. 409, 415-16 (1974). De hecho, la Regla 111 contiene un lenguaje muy categórico al imponerle al juez que preside la Sala --antes de aceptar la renuncia de un acusado a su derecho a juicio por jurado-- la obligación de explicarle al acusado lo que significa la renuncia de dicho derecho y de apercibirle de las consecuencias del mismo.

Somos conscientes de que el acusado en este caso es abogado y que también se desempeñó como fiscal. Pero este dato sólo sería relevante para determinar si una renuncia expresa de su derecho a juicio por jurado fue inteligente o no. La Regla 111 no exceptúa de su aplicación a los acusados que resulten ser abogados. Y donde la ley no distingue, nosotros no debemos crear distinciones. De hecho, este caso ilustra precisamente la necesidad de que la norma aplique uniformemente a favor de todos los acusados, pues nosotros estamos convencidos de que en este caso, si no se celebró el juicio ante un jurado, es porque ni el Juez, ni el fiscal, ni el acusado se dieron cuenta de que estaban ante un proceso por delito grave que ameritaba un juicio por jurado, así definido desde 1984 en *Laureano Burgos*.

No podemos presumir que el acusado fue emboscado por algún tipo de conspiración de silencio entre el Juez y el fiscal. Todo lo contrario es cierto. Debemos presumir que el Juez no era consciente de que el acusado tuviese ese derecho, pues tan pronto el asunto le fue planteado resolvió la cuestión favorablemente al acusado. Debemos igualmente presumir que el fiscal procedió de buena fe con el juicio por tribunal de derecho sin darse cuenta de la situación jurídica imperante, pues ningún fiscal sensato se arriesga a ver un juicio que estaría eventualmente sujeto a un ataque directo o colateral. ¿Entonces porqué traspasar al acusado el peso abrumador del error cometido tanto por el fiscal como por el Juez?

Por los fundamentos anteriormente expuestos, a la anterior petición de *certiorari* no ha lugar.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General