TEXTO COMPLETO DE LA SENTENCIA
El Tribunal de Primera Instancia desestimó la demanda presentada por la Sra. Abigail Pastrana Ortiz contra el Hospital San Francisco y Otros por concluir que la acción estaba prescrita. Erró.
I
__ En su demanda, la Sra. Abigail Pastrana Ortiz ("Sra. Pastrana") alega que el 10 de junio de 1997 sufrió una caída en el pasillo del tercer piso del Hospital San Francisco ("Hosp. San Francisco") mientras se encontraba visitando un familiar que se encontraba ingresado en dicho hospital. Explicó que la caída fue consecuencia de un pasillo sumamente encerado, sin avisos de precaución, ni vallas protectoras que impidiesen el paso y/o informaran de la peligrosidad del lugar.
*1095 Como consecuencia de la caída, la Sra. Pastrana alega que recibió golpes en su mano derecha, codo, pecho, cuello y espalda, y la fractura de su muñeca derecha, siendo ingresada en el mismo Hosp. San Francisco y operada de emergencia en donde permaneció hasta el 13 de junio de 1997. Estuvo enyesada por ocho semanas y alega que al presente sufre de dolor y espasmos severos en el area cervical y lumbar con poliradiculopatias comprobadas electromiográficamente, entrampamientos intercostales, y estrechamiento del "synovium" de la muñeca derecha con cambios inflamatorios crónicos y síndrome del túnel carpal, cuyas condiciones la han dejado incapacitada permanentemente, en su brazo derecho y toda su espalda.
El 30 de septiembre de 1997, la Sra. Pastrana envió una carta certificada con acuse de recibo a la compañía aseguradora del Hosp. San Francisco, Reliance Insurance Company, ("Reliance") en la que expresó:

"El propósito de esta carta es informarles que habremos de reclamar a Reliance Insurance Co„ el resarcimiento de los daños sufridos por nuestra representada como consecuencia del accidente antes relacionado y de interrumpir el término para así hacerlo."

En respuesta a la misma, Reliance cursó una carta con fecha del 18 de noviembre de 1997 mediante la cual le solicitó a la Sra. Pastrana información para evaluar la reclamación. Esta le contestó el 14 de enero de 1998. El 27 de enero de 1998, la demandante, aquí apelante, le envió a Reliance una carta autorizando a examinar los correspondientes expedientes médicos. El 6 de marzo de 1998, Reliance solicito de la oficina del Comisionado de Seguros una extensión de término para investigar, ajustar y resolver la reclamación presentada por la Sra. Pastrana. El 31 de julio de 1998, Reliance solicitó nuevamente del Comisionado de Seguro otra extensión del término para resolver la reclamación pendiente. El 18 de diciembre de 1998, la Sra. Pastrana le escribió nuevamente a Reliance solicitándole con carácter urgente una reunión "con miras a llegar a una transacción extrajudicial" en el caso. El 22 de febrero de 1999, Reliance denegó la reclamación; su "...decisión obedece a que la reclamación ya está prescrita".
Ante tal situación, la Sra. Pastrana radicó una demanda de daños y perjuicios en este caso, alegando que los daños se estiman en no menos $100,000.00. Los demandados, aquí apelados, Hospital San Francisco y Reliance, contestaron dicha demanda, notificaron copia de una "Moción solicitando Desestimación y/o que se Dictase Sentencia Sumaria", indicando que la demanda estaba prescrita. Oportunamente, la demandante, aquí apelante, Sra. Pastrana, presentó su oposición, argumentando que la demanda no estaba prescrita.
El Tribunal de Primera Instancia desestimó la demanda presentada por la Sra. Pastrana por entender ese foro que la misma estaba prescrita. Dentro de los quince (15) días permitidos por la Regla 47, Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4, la Sra. Pastrana radicó una moción de reconsideración. El 8 de junio de 2000, el Tribunal de Primera Instancia acogió la moción y emitió una resolución y orden para que dicha moción de reconsideración fuera remitida a la atención del Juez José Rodríguez Viejo para consideración a su regreso de vacaciones. Los codemandados, aquí apelados, Hospital San Francisco y Reliance, radicaron una réplica a la moción de reconsideración presentada por la Sra. Pastrana y, en consecuencia, la "Moción de Reconsideración" fue denegada mediante Orden del 3 de julio de 2000 y notificada el 5 de julio de 2000.
La apelante, Sra. Pastrana, señala antes nos que erró el tribunal de instancia al concluir que la acción presentada por ella estaba prescrita y al haber dictado sentencia desestimatoria por dicho fundamento. A la luz de la jurisprudencia interpretativa, al respecto entendemos que tiene razón. Veamos.
II
El artículo 1868 de nuestro Código Civil, 31 L.P.R.A. see. 5298, dispone que las acciones para exigir responsabilidad civil por las obligaciones extracontractuales derivadas de la culpa o negligencia prescriben por el transcurso de un (1) año desde que lo supo el agraviado. Ahora bien, la ley dispone y la jurisprudencia ha interpretado, que los términos prescriptivos pueden ser interrumpidos. A esos efectos, el Artículo 1873 del Código Civil, 31 L.P.R.A. see. 5303, establece que:

*1096
"La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor."

Nuestra jurisprudencia interpretativa ha definido la reclamación extrajudicial como la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no pederlo. Martínez Arcelay v. Peñagarícano Soler, _ D.P.R. _ (1998), 98 J.T.S 29, a la pág. 699. El Tribunal Supremo ha reiterado que la reclamación extrajudicial no debe tener una forma determinada; sin embargo, nuestro más alto foro ha enumerado los requisitos que debe cumplir tal reclamación para que la misma constituya una interrupción de la prescripción:

"(a) La oportunidad o tempestividad, que requiere que el ejercicio de la acción debe realizarse antes de la consumación del plazo;

(b) la legitimación del reclamante, según el cual el ejercicio corresponde al titular del derecho o de la acción

(c) la identidad, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción;

(d) y la idoneidad del medio utilizado". Galib Frangie v. El Vocero, 138 D.P.R. 560, 567 (1995).
Incluso, en Galib, supra, a la pág. 568, se estableció que es necesario que el acto interruptivo extrajudicial sea realizado por el acreedor en la forma clara e inequívoca, que no deje dudas acerca de su intención. Si la notificación que el acreedor del derecho haga al deudor se limita meramente a ofrecer información, el término prescriptivo no queda interrumpido, ya que la mera información no constituye la manifestación inequívoca de quien amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. González Rodríguez v Wal-Mart, Inc, _ D.P.R. _ (1998), 98 J.T.S. 149, a la pág. 313.
Se ha dicho que no puede considerarse como un reconocimiento de deuda que interrumpa el término prescriptivo aquellas conversaciones y gestiones mantenidas entre las partes en el seno de una posible transacción. La regla sobre el alcance de conversaciones y ofertas de transacción es que el hecho de que un litigante haga ofertas de transacción o de arreglo antes del pleito o durante su tramitación, nunca puede estimarse, por sí sólo, como un reconocimiento, y a lo sumo, lo que significa es que se desea evitar el pleito o su continuación, por lo que tal clase de prueba nunca debe ser permitida en los tribunales. Díaz de Diana v. A.J.A.S. Ins Co 110 D P R 471, 480(1980).
En el caso de González Rodríguez v. Wal-Mart, Inc. supra, a la pág. 314, se aplicó la doctrina antes esbozada al determinar que:

Una lectura de las cartas enviadas por Claims Management a la Sra. González Rodríguez hace patente que la única intención de la aseguradora era recabar información que le permitiera investigar la realidad de los hechos; ello no constituye un reconocimiento de deuda."

Posteriormente, el Tribunal Supremo afirmó lo establecido en González Rodríguez, supra, pero, además, en Gladys de León v. Caparra Center, _ D.P.R. _ (1999), 99 J.T.S. 29, a las págs. 704-705, estableció:

Ademas, sena fútil e inconsecuente requerir a quienes reclaman un derecho extrajudicialmente, que siempre que se comuniquen con el deudor, esbocen nuevamente los hechos que dieron lugar a la reclamación, el daño causado, que el deudor es el responsable de dicho daño, y la indemnización. Así, concluimos que, en casos como el de autos, una vez se ha efectuado una reclamación extrajudicial suficiente en derecho, no es necesario que cada vez que el acreedor desee interrumpir nuevamente el término prescriptivo, se repitan asuntos previamente expresados; ello siempre que se pueda concluir que de las posteriores carias surja la intención de éste de no perder su derecho."

*1097 Es importante establecer que en el caso de Gladys de León, supra, el Tribunal Supremo estableció en primer lugar que la carta que interrumpía el período prescriptivo contenía todos los elementos intrínsecos de toda reclamación extrajudicial: (a) identifica claramente, tanto al acreedor como al deudor del derecho; (b) contiene, en términos generales, los elementos necesarios en derecho para entablar una reclamación (describe el daño, acto culposo o negligente y establece la relación causal entre el daño y el acto culposo o negligente); y (c) requiere del deudor que adopte el comportamiento debido. Luego, procedió a establecer si las subsiguientes cartas establecen reclamos extrajudiciales, capaces de interrumpir nuevamente el período prescriptivo. Finalmente, procedió a establecer cuál de las cartas era capaz de interrumpir nuevamente el período prescriptivo. En dicho caso, Gladys de León, supra, se determinó que la carta con fecha de 13 de septiembre de 1993 era la única que podía interrumpir el período prescriptivo, dado que la reclamación se presento el 6 de septiembre de 1994, y la carta que interrumpió el término prescriptivo extrajudicialmente, se escribió el 31 de diciembre de 1992. En la carta del 13 de septiembre de 1993, se indicó que "prontamente radicaremos la debida acción en los Tribunales de Puerto Rico".
Una vez establecido lo que decía la carta, procedió el Tribunal Supremo a analizar la misma remitiéndose a las cartas anteriores y a determinar si del análisis de la carta del 13 de septiembre de 1993 resulta que los demandantes no querían abandonar su derecho. Determinó el Tribunal que la actitud de que pronto acudiría a los foros, no es la actitud de inercia que se pretende castigar. La misma representó un acto afirmativo del acreedor del derecho que reveló su intención de conservar y exigir el mismo.
La doctrina vigente nos indica que cuando correctamente se interrumpe extrajudicialmente el término prescriptivo de una acción de daños y perjuicios, no es necesario que todas las cartas o tramites posteriores repitan las "palabras sacramentales" que previamente han sido expresadas para interrumpir el término de prescripción. No obstante, la tramitación posterior debe contener una expresión inequívoca de la parte demandante dirigida a reclamar con fuerza la intención clara de hacer valer su derecho y no de perderlo.
in
Establecida la norma para la interrupción del término prescriptivo, procedemos aplicar la misma al caso ante nuestra consideración.
En el presente caso, no hay controversia con relación a la carta escrita, el 30 de septiembre de 1997. La misma interrumpió el término prescriptivo de la acción de daños y pequicios al cumplir con los requisitos impuestos por el Tribunal Supremo de oportunidad, legitimación del reclamante, identidad e idoneidad. Por tanto, el término fue interrumpido por esta carta hasta el 30 de septiembre de 1998.
La demanda de la Sra. Pastrana fue radicada, el 6 de julio de 1999, fuera del período para el que se interrumpió el término prescriptivo por lo que debemos examinar si alguna de las cartas escritas antes del 30 de septiembre de 1998 interrumpieron nuevamente el término de prescripción. De concluir que el mismo fue interrumpido, procederemos a discutir si la carta del 18 de diciembre de 1998 interrumpió nuevamente el término de prescripción, de manera que la demanda presentada el 6 de julio de 1999 no esté prescrita.
La carta del 14 de enero de 1998, se redactó para contestar una carta del 8 de noviembre de 1997 escrita por Reliance en la que éste requirió cierta información para evaluar la reclamación objeto de esta controversia. Esta carta del 14 de enero de 1998, interrumpió, nuevamente, el periodo prescriptivo hasta el 14 de enero de 1999, ya que en la misma se expusieron nuevamente los hechos de la causa de acción y se indico una manifestación inequívoca dirigida a reclamar y hacer valer su derecho cuando se expresó que:

"Encerrar un piso excesivamente y no poner avisos de precaución o cerrar el área para impedir acceso al mismo, constituyen actos culposos o negligentes del Hospital o de sus agentes o empleados por quienes éste, tiene la obligación de responder civilmente. Su compañía aseguradora responde en virtud de su relación contractual con el Hospital."

*1098 Por esta razón y con el fin de acelerar los procedimientos de descubrimiento de prueba, la Sra. Pastrana emite la carta con fecha 27 de enero de 1998 que contenía lo siguiente:

"Adjunto le envío la forma de Autorización Para Examinar Récord Médico, que me fuera enviada por usted en el caso de referencia, debidamente cumplimentada por nuestra representada, Doña Abigail Pastrana Ortiz.

Estoy a su disposición para cualquier asunto relacionado con este caso.

Sin otro particular a que hacen referencia quedo de usted."

Como podemos observar, las cartas de enero de 1998 expresan la intención específica del acreedor en derecho de hacer valer el mismo. Estas cartas no son tan sólo de naturaleza informativa; en las mismas se establecen nuevamente parte de los hechos y las correspondientes obligaciones de aquéllos que responden civilmente. Se propicia en ellas, además, conversaciones y gestiones entre las partes en el seno de una posible transacción.
Una vez resuelto que las cartas de enero de 1998 constituyen la intención clara e inequívoca de hacer valer su derecho, el período para presentar la causa de acción o interrumpir extrajudicialmente el mismo, se entiende extendido hasta enero de 1999, por lo que procederemos a aplicar las normas antes esbozadas a la carta del 18 de diciembre de 1998. En la misma, en cuanto a lo pertinente, se redactó lo siguiente:

"Le he escrito en varias ocasiones en relación a este caso enviándole, el 27 de enero de 1998, la forma de Autorización para Examinar Récord Médico.

Agradeceré se comunique conmigo a la mayor brevedad posible, para reunirnos con miras a llegar a una transacción extrajudicial en este caso."

Esta carta del 18 de diciembre de 1998 fue redactada dentro del término de prescripción, según fue interrumpido por la carta del 14 de. enero de 1998. La misma representa nuevamente la intención de la Sra. Pastrana de hacer valer su derechq', preferiblemente por la vía de la transacción extrajudicial, por lo que nuevamente se entiende interrumpido el período prescriptivo hasta diciembre de 1999. No era necesario volver a repetir lo que ya la demandante, aquí apelante, Sra. Pastrana, había dicho en sus cartas previas.
Ante la negación de Reliance a la reclamación de la Sra. Pastrana, ésta radicó, oportunamente, el 6 de julio de 1999, una demanda de daños y perjuicios para hacer valer su derecho por la vía judicial. El Tribunal de Primera Instancia erró al no determinar que en todo momento la Sra. Pastrana expresó de forma inequívoca la voluntad de no perder su derecho en forma oportuna, legítima, identificando la fuente de su derecho mediante un medio idóneo y a tenor con lo recientemente expresado en Gladys de León, supra, por el Tribunal Supremo.
IV
La conducta de Reliance es verdaderamente preocupante, y esperamos no sea la norma de la industria de seguros de entretener reclamaciones extrajudiciales con el fin de adormecer a los reclamantes que de buena fe tratan de transigir sus casos sin la necesidad de la intervención judicial para luego la aseguradora aprovecharse de la defensa de prescripción. En el caso ante nos, en dos (2) ocasiones Reliance le escribió al Comisionado de Seguros pidiendo una extensión para darle cumplimiento al artículo 27.162 del Código de Seguros, 26 L.P.R.A. sec. 2716(b), con el fin de investigar y resolver la reclamación. Dicho artículo de ley obliga a toda aseguradora a investigar y resolver cualquier reclamación dentro de los cuarenta y cinco (45) días de haberse sometido todos los documentos que fueren necesarios para disponer de la reclamación. El término puede extenderse mediante solicitud al efecto por la aseguradora al Comisionado de Seguros. En el caso ante nos, Reliance muy bien pudo haber violado el mencionado artículo 27.162 y, además, pudo haber violado una a más de las prácticas desleales señaladas en el artículo 27.161 del Código de Seguros, 26 L.P.R.A. see. 2716 (a).
Es doctrina establecida por el Tribunal Supremo de los Estados Unidos, Glus v. Brooklyn Eastern District *1099 Terminal, 359 U.S. 231; 3 L.Ed. 2d. 770; 79 S.Ct. 760 (1959) y bajo nuestra doctrina de equidad, de que ninguna persona debe sacar provecho del mal que ella misma provoca. En el caso ante,nos, ¿quaere si Reliance, ante los hechos de este caso, está prohibida de levantar la defensa de prescripción bajo la doctrina de "estoppel"? Michelena & Co. v. American Export and Isbrandtsen Lines, Inc., (Cancio, Juez) 258 F. Supp. 479 (USDC-PR, 1966); Int. General Electric v. Concrete Builders, 104 D.P.R. 871, 876-879 (1976).
y
Por los fundamentos aquí expresados, procedemos a revocar la sentencia apelada y decretamos que la demanda en contra de Reliance no está prescrita. Devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de acuerdo con lo aquí resuelto.
Lo acuerda y manda este Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2000 DTA 91
1. A esos efectos, el Tribunal de Primera Instancia, en su Sentencia Enmendada, expresó:

"No cabe la menor duda que la aseguradora, por medio de sus ajustadores, entretuvieron la reclamación sin comprometerse ni denegar en una etapa temprana para lograr el proposito final que fue rechazarla por prescripción. No obstante, lo indeseable de este tipo de conducta donde el "listo" resulta favorecido, no le asiste en derecho razón a los demandantes y conforme a la jurisprudencia vigente su reclamación está prescrita."

2. El caso de Michelena, uno casi idéntico al caso ante nos, fue resuelto por el Juez Federal Hiram Cando, señalando que la parte demandada no podía beneficiarse de su conducta engañosa y le aplicó la de "estoppel" para eliminar la defensa de prescripción. El caso de Michelena es persuasivo, pero no establece precedente.