ROBERT A. BURGE, PLAINTIFF v. INTEGON GENERAL INSURANCE COMPANY, DEFENDANT AND THIRD PARTY PLAINTIFF v. R. GREG ELLEDGE, THIRD PARTY DEFENDANT

No. 9119SC66

(Filed 3 December 1991)

**Rules of Civil Procedure § 56.1 (NCI3d) — interrogatories not fully answered — summary judgment premature**

The trial court erred in entering summary judgment for defendant insurer before plaintiff insured's interrogatories were fully answered by defendant where the interrogatories attempted to obtain information on the central factual question of

BURGE v. INTEGON GENERAL INS. CO.

[104 N.C. App. 628 (1991)]

whether third party defendant acted within the scope of his actual or apparent authority in representing to plaintiff that defendant would pay a car rental claim; defendant served incomplete answers to the interrogatories on 21 September and summary judgment was entered on 6 November; and plaintiff relied on an agreement with defendant that defendant would provide further answers to the interrogatories.

**Depositions and Discovery §§ 211 et seq.; Summary Judgment §§ 26 et seq.**

**Propriety of considering answers to interrogatories in determining motion for summary judgment. 74 ALR2d 984.**

APPEAL by plaintiff from order entered 6 November 1990 by *Judge Russell G. Walker, Jr.* in RANDOLPH County Superior Court. Heard in the Court of Appeals 4 November 1991.

*Eugene S. Tanner, Jr. for plaintiff appellant.*

*Frazier, Frazier & Mahler, by Robert A. Franklin and James D. McKinney, for defendant and third party plaintiff appellee.*

WALKER, Judge.

This appeal arises out of an automobile insurance coverage dispute between the insured Robert A. Burge and Integon General Insurance Company. A default judgment was entered against third party defendant R. Greg Elledge on 19 June 1990.

The facts indicate that on 15 March 1989 plaintiff purchased an automobile insurance policy through Elledge and written by Integon. Thereafter, plaintiff reported that he sustained both windstorm and collision damage to his automobile on 20 March 1989 and 29 March 1989. Soon after these damages were incurred, plaintiff notified Elledge that he desired a rental car while his automobile was undergoing repairs. Elledge responded that the cost of temporarily renting a replacement car was covered under the insurance policy and Elledge advanced plaintiff $299 on a car rental. In addition, Elledge stated that each week he would send plaintiff a check to cover the rental expense. Plaintiff incurred expense for a rental car in the sum of $4,483.49, less the $299 advanced by Elledge. Integon denied plaintiff's claim for rental expense.

After filing the complaint, plaintiff filed an amendment to the complaint on 22 June 1990 with defendant's consent. He alleged that Elledge was the authorized agent of Integon and was acting within the scope of his authority when he represented to plaintiff that his car rental expense would be paid by Integon. On 31 July 1990, Integon answered and denied this allegation.

Plaintiff served interrogatories on Integon on 16 July 1990. He asserts Integon's answers, served on 21 September 1990, were incomplete, some not answered, and the parties had agreed that Integon could have additional time within which to further answer them, but had failed to do so by the time of the hearing on Integon's motion for summary judgment. On 6 November 1990, the trial court granted Integon's motion for summary judgment.

The general purpose of discovery is to assist in the disclosure prior to trial of any relevant unprivileged materials and information. Such exchanges help the parties narrow and sharpen the basic facts and issues prior to trial. Summary judgment is however designed to eliminate formal trials where facts are not disputed and only questions of law are involved. Since summary judgment is a drastic remedy, it should be used cautiously and never as a tool to deprive any party of a trial when genuinely disputed facts exist. *See Brown v. Greene*, 98 N.C.App. 377, 390 S.E.2d 695 (1990). "Moreover, '[o]rdinarily, it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so.' . . . Generally, motions for summary judgment should not be decided until all parties are prepared to present their contentions on all the issues raised and determinable under Rule 56." *American Travel Corp. v. Central Carolina Bank and Trust Co.*, 57 N.C.App. 437, 441, 291 S.E.2d 892, 895, *disc. review denied*, 306 N.C. 555, 294 S.E.2d 369 (1982) (citation omitted).

Even though plaintiff did not serve his interrogatories until after his amended complaint, they attempt to obtain information on the central factual question of whether Elledge was acting within the scope of his actual or apparent authority in representing that. Integon would pay the car rental claim. Only after compliance with requests for discoverable material should the court entertain a motion for summary judgment. We do not mean to suggest that

in every case a party, without exercising such remedies as a motion to compel, can wait until the hearing on summary judgment to assert the other party's failure to comply with requested discovery. In the case before us, considering the short period of time between the serving of the answers to the interrogatories and the hearing on summary judgment, coupled with plaintiff's apparent reliance on some agreement that Integon would provide further answers to these interrogatories, we cannot conclude that plaintiff has been dilatory. Therefore, at this early stage summary judgment was improper and both parties should have the opportunity to further develop the facts on the issue of agency.

Upon remand, the trial court should determine whether Integon, in answering plaintiff's interrogatories, has complied with Rule 33(a), N.C. Rules of Civil Procedure. The trial court should also permit further discovery by either party consistent with the provisions of Rule 26(d), N.C. Rules of Civil Procedure. Accordingly, we reverse the trial court's entry of summary judgment and remand this matter for further proceedings consistent with our decision herein.

Reversed and remanded.

Judges WELLS and LEWIS concur.