MICHAEL USSERY, Plaintiff v. MARK E. TAYLOR and wife, WENDY W. TAYLOR, TIM HARRIS, COUNTRY HOME MORTGAGE, INC. and MICHAEL G. KNOX, JR., dba M.G. KNOX APPRAISALS, Defendants

No. COA02-443

(Filed 18 March 2003)

### 1. Appeal and Error— appealability—interlocutory order—substantial right—inconsistent verdicts

Although an appeal in a fraud, misrepresentation, and unfair and deceptive trade practices case from the grant of summary judgment in favor of two of the five defendants is an appeal from an interlocutory order, this appeal affects a substantial right based on the possibility of inconsistent verdicts because plaintiff's claims against the various defendants rest upon nearly identical factual allegations.

### 2. Discovery— requests pending—summary judgment improper

The trial court erred in a fraud, misrepresentation, and unfair and deceptive trade practices case by granting summary judgment in favor of defendants while plaintiff's requests for discovery were pending.

Appeal by plaintiff from order entered 25 February 2002 by Judge Beverly T. Beal in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 January 2003.

*Hewson Lapinel Owens, P.A., by H.L. Owens, for plaintiff appellant.*

*No brief filed for defendant appellees.*

TIMMONS-GOODSON, Judge.

Michael Ussery ("plaintiff") appeals from an order of the trial court granting summary judgment in favor of Mark and Wendy Taylor ("defendants"). For the reasons stated herein, we reverse the order of the trial court.

The facts pertinent to the present appeal are as follows: On 13 December 2001, plaintiff filed a complaint in Mecklenburg County Superior Court alleging claims for fraud, misrepresentation, and unfair and deceptive trade practices. In his complaint, plaintiff alleged, *inter alia*, that defendants conspired with others to fraud-

ulently induce plaintiff to purchase certain real property owned by defendants for a price substantially higher than the actual value of the property.

On 14 December 2001, plaintiff served written requests for discovery. On 17 January 2002, defendants filed a motion for summary judgment. Defendants responded to plaintiff's discovery requests on 5 February 2002. Finding the responses to be substantially incomplete, plaintiff filed a motion on 14 February 2002 to compel defendants to comply with his discovery requests. The same day, plaintiff filed and served defendants with notices of depositions scheduled to take place on 25 April 2002. On 20 February 2002, defendants' motion for summary judgment was heard by the trial court over plaintiff's objections. Concluding that no genuine issues of material fact existed, the trial court granted summary judgment in favor of defendants on 25 February 2002. Plaintiff now appeals from the order of the trial court.

Plaintiff contends that the trial court erred in granting summary judgment to defendants before plaintiff conducted reasonable discovery. We agree and therefore reverse the order of the trial court.

[1] We note initially that the order of the trial court is not a final order, in that it grants summary judgment to only two of the five defendants in this case. We do not review interlocutory orders as a matter of course. See Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 382 (1950). Where the appeal affects a substantial right of one of the parties, however, such appeals may be brought pursuant to sections 1-277 and 7A-27(d) of the North Carolina General Statutes. See N.C. Gen. Stat. §§ 1-277, 7A-27(d) (2001). Whether or not an appeal affects a substantial right must be decided on a "case by case basis." Hoots v. Pryor, 106 N.C. App. 397, 401, 417 S.E.2d 269, 272, disc. review denied, 332 N.C. 345, 421 S.E.2d 148 (1992). Our Supreme Court has held that the possibility of undergoing two trials may affect a substantial right where the same issues are present in both trials, thereby creating the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issues. See Green v. Duke Power Co., 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982).

In the instant case, plaintiff's claims against the various defendants rest upon nearly identical factual allegations, requiring a jury to render essentially identical factual determinations in plaintiff's favor. Because the possibility for inconsistent verdicts exists, we con-

clude that the appeal affects plaintiff's substantial rights. *See First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 250-51, 507 S.E.2d 56, 62-63 (1998). We therefore review the merits of plaintiff's appeal.

**[2]** Plaintiff argues that the trial court erred in granting summary judgment to defendants while discovery was outstanding. We agree.

"Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton and Allman v. Newton and In re Annexation Ordinance*, 297 N.C. 506, 512, 256 S.E.2d 216, 220 (1979); *Kirkhart v. Saieed*, 107 N.C. App. 293, 297, 419 S.E.2d 580, 582 (1992); *Joyner v. Hospital*, 38 N.C. App. 720, 723, 248 S.E.2d 881, 882-83 (1978). "The general purpose of discovery is to assist in the disclosure prior to trial of any relevant unprivileged materials and information. Such exchanges help the parties narrow and sharpen the basic facts and issues prior to trial." *Burge v. Integon General Ins. Co.*, 104 N.C. App. 628, 630, 410 S.E.2d 396, 398 (1991). Thus, motions for summary judgment generally should not be decided until all parties are prepared to present their contentions on all the issues raised. *See American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 441, 291 S.E.2d 892, 895, *disc. review denied*, 306 N.C. 555, 294 S.E.2d 369 (1982).

The evidence in the instant case tends to show that the trial court granted defendants' motion for summary judgment while plaintiff's requests for discovery were pending. There is no evidence to suggest that plaintiff was dilatory in his actions, or that the pending procedures could not have led to the discovery of relevant evidence. Quite simply, plaintiff did not have adequate time to develop his case before the trial court entertained defendants' motion for summary judgment. *See Burge*, 104 N.C. App. at 631, 410 S.E.2d at 398 (reversing summary judgment in favor of the defendant where discovery was outstanding at the time summary judgment was granted and where the plaintiff had not been dilatory). Therefore, at this early stage, summary judgment was improper and both parties should have the opportunity to further develop the facts surrounding plaintiff's allegations. Because the trial court erred in prematurely granting summary judgment to defendants, we reverse the order of the trial court and remand this case for further proceedings.

Reversed and remanded.

Judges TYSON and LEVINSON concur.