TURNING POINT INDUSTRIES, SDN BHD, PLAINTIFF v. GLOBAL FURNITURE, INC. AND GEOLOGISTICS AMERICAS, INC., DEFENDANTS

No. COA06-1154

(Filed 1 May 2007)

**1. Statutes of Limitation and Repose— shipping contract— limitations period provided in bill of lading**

The trial court did not err in a breach of contract, demand for payment on account, and failure to stop shipments in transit case by entering summary judgment in favor of defendant Geologistics based on expiration of the statute of limitations, because: (1) con-

trary to plaintiff's assertion, the one-year statute of limitations under 46 U.S.C.S. § 30701(3)(6) for claims asserted under the Carriage of Goods by Sea Act does not apply to plaintiff's assertions of claims against defendant when defendant did not assert control over the thirty-nine furniture containers until the shipments reached the port of entry and were off-loaded from the vessel; (2) provisions in a shipping contract fix the time in which suit must be brought, and the parties' nine-month contractual statute of limitations on the bills of lading applied; and (3) the parties stipulated the last furniture shipment of the thirty-nine containers arrived at the United States port of entry in June 2003, and plaintiff filed its complaint in September 2004.

## 2. Statutes of Limitation and Repose— not tolled until delivery and notice—bills of lading contract

The trial court did not err in a breach of contract, demand for payment on account, and failure to stop shipments in transit case by concluding the statute of limitations was not tolled until defendant Geologistics provided plaintiff with notice of delivery, because: (1) plaintiff mistakenly relies upon a notice requirement for delivery of the goods under the Carriage of Goods by Sea Act (COGSA); (2) COGSA and its statute of limitations does not apply; and (3) the bills of lading contract between plaintiff and defendant does not require notice to plaintiff for the nine-month statute of limitations to commence.

## 3. Statutes of Limitation and Repose— equitable estoppel inapplicable—failure to show misled or induced not to institute suit

The trial court did not err in a breach of contract, demand for payment on account, and failure to stop shipments in transit case by concluding that defendant Geologistics was not estopped from asserting the statute of limitations as a defense, because: (1) plaintiff failed to show defendant affirmatively misled, lulled, or kept plaintiff from filing its complaint earlier; and (2) no evidence showed defendant misled plaintiff or induced plaintiff not to institute suit.

Appeal by plaintiff from judgment entered 9 May 2006 by Judge W. Erwin Spainhour in Iredell County Superior Court. Heard in the Court of Appeals 11 April 2007.

*Benjamin D. Overby and E. Lawson Brown, Jr., for plaintiff-appellant.*

*Henson & Henson, L.L.P., by Perry C. Henson, Jr. and Karen Strom Talley, for defendant-appellee Geologistics Americas, Inc.*

TYSON, Judge.

Turning Point Industries, SDN BHD ("plaintiff") appeals from judgment entered granting summary judgment in favor of Geologistics Americas, Inc. ("defendant Geologistics"). We affirm.

## I. Background

Plaintiff is a furniture broker and distributor. Defendant Geologistics is a carrier, warehouseman, and freight forwarder for various goods including furniture products distributed by plaintiff. Global Furniture, Inc. ("defendant Global") is a furniture company that imports, warehouses, and distributes furniture to retail companies.

On 7 October 2002, plaintiff wrote a memorandum to Geologistics Limited Surabaya and Malaysia ("Geologistics Malaysia"). The memorandum stated plaintiff would notify the freight forwarder by mail to release furniture shipments to defendant Global upon plaintiff's receipt of defendant Global's payment. Plaintiff concedes Geologistics Malaysia is not a party to this action and is a separate corporate entity from defendant Geologistics.

On 27 December 2002, plaintiff's employee sent an email to several Geologistics Malaysia employees and one employee with defendant Geologistics. The email stated Geologistics Malaysia should not release containers to defendant Global without plaintiff's prior approval. The email closed with the instruction, "Please confirm your understanding." Nothing in the record shows defendant Geologistics gave or plaintiff received any confirmation of or followed up on this email before Geologistics Malaysia shipped any furniture containers.

Defendant Global ordered thirty-nine furniture containers from plaintiff. Geologistics Malaysia shipped those containers to various ports within the United States. The parties stipulated defendant Global received all thirty-nine shipments between the dates of 27 January 2003 and 3 June 2003. Defendant Global failed to pay plaintiff after receipt of the thirty-nine containers. Defendant Global

became delinquent in accounts payable to plaintiff in the amount of $805,413.13.

On 2 September 2004, plaintiff filed a complaint against defend-ant Global and defendant Geologistics jointly and severally asserting, *inter alia*, breach of contract, demand for payment on account, and failure to stop shipments in transit. On 24 April 2006, the trial court entered summary judgment against defendant Global for $805,413.13. On 9 May 2006, the trial court ruled plaintiff's claims were barred by the statute of limitations and entered summary judgment in favor of defendant Geologistics. Plaintiff appeals.

## II.  Issues

Plaintiff argues: (1) the trial court erred when it granted sum-mary judgment in favor of defendant Geologistics based upon the statute of limitations and (2) defendant Geologistcs should be estopped from asserting the statute of limitations as an affirmative defense to its claims.

## III.  Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a mat-ter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff can-not produce evidence to support an essential element of his or her claim, or (3) *showing that the plaintiff cannot surmount an affirmative defense.* Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial. To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and effi-cient procedural tool of summary judgment.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (emphasis supplied) (internal citations and quotations omitted), *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004). We review an order allowing summary judgment *de novo*. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

## IV. Statute of Limitations

[1] Plaintiff argues the trial court erred when it granted summary judgment in favor of defendant Geologistics for plaintiff's failure to commence its action within the applicable statute of limitations. We disagree.

Claims asserted under the Carriage of Goods by Sea Act ("COGSA") are subject to an one-year statute of limitations. 46 U.S.C.S. § 30701(3)(6) (2006). "In any event the carrier and the ship shall be discharged from all liability in respect for loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." *Id.* COGSA applies a "tackle-to-tackle" timeline "from the time when the goods are loaded on the ship to the time they are discharged from the ship." *Norfolk So. Ry. v. Kirby*, 543 U.S. 14, 29, 160 L. Ed. 2d 283, 298 (2004). Once the goods are removed from the ship, or no longer remain under the control of the carrier at the port of loading or discharge, COGSA ceases to apply. *Id.* The United States Supreme Court has stated:

> Nothing . . . shall prevent a carrier or a shipper from entering into any agreement, stipulation, condition, reservation, or exemption as to the responsibility and liability of the carrier or the ship for the loss or damage to or in connection with the custody and care and handling of goods prior to the loading on and subsequent to the discharge from the ship on which the goods are carried by sea.

*Id.*

Defendant Geologistics did not assert control over the thirty-nine furniture containers until the shipments reached the port of entry and were off-loaded from the vessels. COGSA applies to the transit of the furniture containers until they are removed from the ship. COGSA's one-year statute of limitations does not apply to plaintiff's assertions of claims against defendant Geologistics. We hold the parties' contractual statute of limitations on the bills of lading applies.

Section 7 of the bills of lading state:

The contract evidenced by this Bill of Lading shall . . . take effect subject to the Carriage of Goods by Sea Act 1936 of the United States and the provisions of that Act *shall govern the liability of the Carrier for loss or damage occasioned during carriage by sea or while the Goods are the responsibility of the Carrier at the port of loading or of discharge.*

The bills of lading provide:

(1) Notice of Loss, Time Bar:

(b) The Carrier shall be discharged of all liability under this Bill of Lading unless suit is brought and written notice thereof given to the Carrier within *nine months* after delivery of the Goods or the date when the Goods should have been delivered . . . .

(Emphasis supplied). Provisions in a shipping contract fix the time in which suit must be brought. *Dixon v. Davis*, 184 N.C. 207, 210, 114 S.E. 8, 10 (1922).

The parties stipulate the last furniture shipment of the thirty-nine containers arrived at the United States port of entry in June 2003. Plaintiff filed their complaint in September 2004. Plaintiff failed to file suit against defendant Geologistics within the nine-month contractual statute of limitations. This assignment of error is overruled.

## V. Notice of Delivery

[2] Plaintiff argues the statute of limitations should toll until defendant provided it with notice of delivery. The United States District Court in Maryland has stated with regard to delivery and notice:

Had the legislature, in enacting the statute of limitations in [46 U.S.C.S. § 30701(3)(6)], wished the statute to accrue with the discovery of the harm or after a reasonable time to inspect, it could have said so. It did not. Instead, the legislature used the word "deliver," and the court will interpret that word in a manner consistent with the notion that statutes of limitation are intended to give defendants notice of when claims against them will become stale.

*A.S.T., U.S.A., Inc. v. M/V Franka*, 981 F. Supp. 937, 941 (D. Md. 1997). The United States Court of Appeals for the Fifth Circuit reached a similar result and stated COGSA: "defines the running of the limitations period solely by reference to an extrinsic event; when

the goods were delivered." *Servicios-Expoarma v. Indus. Maritime Carriers*, 135 F.3d 984, 988 (5th Cir. 1998). "This distinction is neither insignificant nor unique." *Id.* "[I]n enacting COGSA, Congress deliberately tied the limitations period to an extrinsic event and apparently paid no attention to when a cause might accrue or when a plaintiff has notice that it has been damaged." *Id.*

Plaintiff mistakenly relies upon a notice requirement for delivery of the goods under COGSA. COGSA, and its statute of limitations, does not apply. Defendant Geologistics did not assert any control over plaintiff's shipment until the goods arrived and were discharged at the port of entry. At that point, COGSA no longer applied, and the statute of limitations from the bills of lading apply. The bills of lading contract between plaintiff and defendant Geologistics does not require notice to plaintiff for the nine-month statute of limitations to commence. The bills of lading state the nine-month statue of limitations begins to run "upon delivery of the Goods or the date when the Goods should have been delivered[.]" Plaintiff's argument is overruled.

## VI.  Estoppel

[3] Plaintiff argues defendant Geologistics should be estopped from asserting the statute of limitations. We disagree.

The doctrine of estoppel applies when a plaintiff shows the defendant's actions caused the plaintiff to be reasonably and justifiably misled into missing the statute of limitations deadline. *Malgor & Co. v. Compania Trasatlantica Espanola*, 931 F. Supp. 122, 125 (D.P.R. 1996).

> [T]he doctrine of equitable estoppel require[s] something substantially beyond normal settlement discussions before equitable estoppel displaces COGSA's strong policy favoring strict application of the statute of limitations. Specifically, [plaintiff] must show that [defendant] falsely represented to him that the statute would be extended . . . or that [defendant] would not assert the statute as a defense. [Plaintiff] would also have to show that he [reasonably] relied on this representation in failing to file suit within one year from delivery.

*Id.* at 126 (quotations and citations omitted). "[T]he basic question in determining whether an estoppel exists is whether . . . defendant's actions have lulled plaintiff into a false sense of security and so induced him not to institute suit in the requisite time period."

*Austin, Nichols & Co. v. Cunard Steamship Limited*, 367 F. Supp. 947, 949 (S.D.N.Y. 1973).

Plaintiff failed to show defendant Geologistics affirmatively misled, lulled, or kept plaintiff from filing its complaint earlier. No evidence shows defendant Geologistics misled plaintiff or induced plaintiff not to institute suit. Defendant Geologistics is not estopped from asserting the applicable nine-month statute of limitations. This assignment of error is overruled.

## VII. Conclusion

The nine-month statute of limitations on the bills of lading applies to the time frame within which plaintiff's complaint must have been filed against defendant Geologistics. Plaintiff failed to file a complaint against defendant Geologistics within nine months after delivery. The statute of limitations on plaintiff's claim had run and the trial court properly granted summary judgment in favor of defendant Geologistics. Defendant Geologistics is not estopped from asserting the statute of limitations. The trial court's entry of summary judgment for defendant Geologistics is affirmed.

Affirmed.

Judges McGEE and ELMORE concur.