IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-123

Filed 17 September 2025

Hertford County, No. 24CVS000042-450

LYCASTE, LLC, substituted for OH TACOMA 1 SUBI, A SERIES OF OH TACOMA 1 TRUST, Plaintiff,

v.

DEMARCUS NEWSOME *and wife*, KEVIETTE HOLLOMAN NEWSOME; and UNKNOWN HEIRS OF ZINNIE NEWSOME, Defendants.

Appeal by Plaintiff from order entered 20 September 2024 by Judge Cy A. Grant in Hertford County Superior Court. Heard in the Court of Appeals 13 August 2025.

> *Parker Poe Adams & Bernstein LLP, by Stephen V. Carey, Michael J. Crook, and Alexandria G. Hill, for Plaintiff-Appellant.*

> *Jones & Carter, P.A., by W. Hugh Jones, Jr., for Defendants-Appellees.*

COLLINS, Judge.

This appeal arises out of an action instituted by a loan servicer to reform the legal description of real property in a deed of trust. Plaintiff[1] appeals from an order granting Defendants' motion for summary judgment. Plaintiff argues that the trial

---

[1] Lycaste, LLC has been substituted for OH Tacoma 1 Subi, a Series of OH Tacoma Trust, as Plaintiff because the deed of trust that is the subject of the underlying action was sold by OH Tacoma to Lycaste after the filing of this appeal. OH Tacoma filed a motion to substitute Lycaste as a party, which we allowed.

court erred by hearing the motion "before any discovery had been conducted" and by granting the motion on the ground that Plaintiff's claim is barred by the applicable statute of limitations. For the following reasons, we affirm.

## I. Background

Between 1967 and 1983, Samuel and Zinnie Newsome, husband and wife, acquired three separate tracts of land. On or about 25 July 1984, they acquired a fourth tract ("1984 tract") that extended the boundaries of one of the previously-acquired tracts. Collectively, all four tracts of land ("Property") are located at 517 Hall Siding Road in Ahoskie, North Carolina.

Samuel and Zinnie obtained a loan on 20 July 2005 from American General Financial Services, Inc. in the principal amount of $148,000. In the deed of trust, the legal description of the real property listed only the 1984 tract as the real property to be encumbered by the loan and therefore did not encumber the entire Property.

Upon his death in 2006, Samuel's interest in the Property vested in Zinnie. Upon her death in 2017, Zinnie's interest in the Property vested in her surviving relatives, including Defendant Demarcus Newsome. In 2020, Zinnie's surviving relatives conveyed the Property to Defendants Demarcus Newsome and his wife, Keviette Holloman Newsome (collectively, with the Unknown Heirs of Zinnie Newsome, "Defendants").

The loan changed hands approximately eight times between 2005, when it was originally executed, and 2022, when the deed of trust was assigned to OH Tacoma.

On 8 September 2016, Defendants' counsel informed Bayview Loan Servicing, LLC, who held the loan from February 2016 until September 2018, that "[Zinnie] Newsome resides at 517 Hall Siding Road, Ahoskie, NC. She has been told that [the] [P]roperty is on the Deed of Trust. It is not." Bayview then filed a complaint on 15 August 2018 seeking to reform the legal description in the deed of trust to include the entire Property, not just the 1984 tract.

In September 2018, Bayview assigned the deed of trust to BOF CORP IVB. Bayview was no longer a party in interest, and it voluntarily dismissed its action without prejudice on 10 October 2018. The deed of trust has changed hands four times since the voluntary dismissal.

During both the pendency of Bayview's action and after the action was dismissed, the parties in interest engaged in settlement negotiations. OH Tacoma contends that the parties negotiated final settlement documents, such as an instrument to cure and a loan modification agreement, but the documents were never executed. According to OH Tacoma, settlement discussions continued until they ceased in December 2023, "thereby necessitating the filing of this action."

Defendants contend that an agreement was twice reached, but on each occasion, the deed of trust was sold before the settlement documents were finalized. In 2017, Defendants reached a settlement with Bayview; however, before the settlement was finalized, the loan was transferred to 1900 Capital Trust II. A settlement was then reached with Capital Trust in September 2020, and counsel for

Capital Trust was to prepare and send executed settlement documents to Defendants. The settlement, however, was never finalized.

Capital Trust transferred the deed of trust to Revolve Capital Group, LLC in September 2021. In January 2022, Revolve assigned the deed of trust to Atlantica, LLC, and in June 2022, Atlantica assigned the deed of trust to OH Tacoma. In September 2022, counsel for Atlantica notified Zinnie that the loan was in default and that Zinnie owed more than $81,000. According to Defendants, "in December of 2023 [OH Tacoma] failed to honor the settlement twice reached."

OH Tacoma commenced this action for reformation of the deed of trust and declaratory judgment on 10 February 2024, seeking, among other things, a declaration that OH Tacoma has a valid lien on the Property. Defendants filed their answer on 10 May 2024 and a motion for summary judgment on 31 May 2024. A hearing on Defendants' motion for summary judgment was held on 3 September 2024, and the trial court entered an order on 20 September 2024 granting Defendants' motion. OH Tacoma filed its notice of appeal on 15 October 2024.

On 23 December 2024, while its appeal with this Court was pending, OH Tacoma "conveyed, assigned, and transferred 'all right, title, and interest together with all moneys due or to become due and all rights accrued or to accrue under that certain Deed of Trust'" to Lycaste. OH Tacoma filed a motion on 7 February 2025 to substitute Lycaste as the plaintiff-appellant to this appeal; we allowed the motion.

## II.     Discussion

Plaintiff argues that the trial court erred by granting Defendants' motion for summary judgment.  We disagree.

This Court reviews a trial court's grant of summary judgment de novo.  *Erthal v. May*, 223 N.C. App. 373, 377 (2012).  Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."  N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023).  "[W]e view the pleadings and all other evidence in the record in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor."  *Cummings v. Carroll*, 379 N.C. 347, 358 (2021) (citation omitted).

### A.  Lack of Discovery

Plaintiff first argues that the trial court erred by hearing and ruling on Defendants' motion for summary judgment "before the parties had an opportunity to conduct discovery."

It can be error for a trial court to rule on a motion for summary judgment when discovery procedures "are still pending and the party seeking discovery has not been dilatory in doing so."  *Poage v. Cox*, 265 N.C. App. 229, 238 (2019) (citation omitted). "However, a trial court is not barred in every case from granting summary judgment before discovery is completed."  *Id.* (brackets and citation omitted).

In *Ussery v. Taylor*, plaintiff served written requests for discovery on defendant one day after filing his complaint. 156 N.C. App. 684, 684-85 (2003). Approximately one month later, before responding to those discovery requests, defendant filed a motion for summary judgment. *Id.* at 685. The trial court heard defendant's motion while plaintiff was still awaiting discovery responses and with depositions scheduled to take place at a later date. *Id.* This Court reversed the trial court's grant of summary judgment because "plaintiff did not have adequate time to develop his case before the trial court entertained defendants' motion for summary judgment." *Id.* at 686; *see Burge v. Integon Gen. Ins. Co.*, 104 N.C. App. 628, 631 (1991) (reversing a trial court's grant of summary judgment in favor of defendant because plaintiff's discovery was still outstanding at the time summary judgment was granted).

The circumstances in *Ussery* are readily distinguishable from the circumstances in this case. Here, approximately seven months elapsed between the time OH Tacoma filed its complaint and the summary judgment hearing. During this time, OH Tacoma did not request discovery. OH Tacoma, now Lycaste, concedes in its brief that at the time of the summary judgment hearing, "Not one request for production or interrogatory had been served. No depositions had been taken (or even noticed)." Accordingly, unlike in *Ussery*, OH Tacoma had "adequate time to develop [its] case before the trial court entertained [D]efendants' motion for summary judgment." *Ussery*, 156 N.C. App. at 686.

The trial court did not err by granting Defendants' motion for summary

judgment.

## B. Statute of Limitations

Plaintiff next argues that the trial court erred by granting Defendants' motion for summary judgment on the basis that Plaintiff's claim is barred by the applicable statute of limitations.

In motions for summary judgment, "[t]he burden is on the moving party to show the absence of any genuine issue of fact and [their] entitlement to judgment as a matter of law." *In re Will of Smith*, 158 N.C. App. 722, 724 (2003) (citation omitted). Summary judgment is appropriate where "the non-moving party is unable to overcome an affirmative defense offered by the moving party." *Griffith v. Glen Wood Co.*, 184 N.C. App. 206, 210 (2007) (footnote and citation omitted).

Statutes of limitations are "inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action." *Blue Cross & Blue Shield v. Odell Assocs.*, 61 N.C. App. 350, 356 (1983) (citation omitted). "When the affirmative defense of the statute of limitations has been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period." *Scott & Jones, Inc. v. Carlton Ins. Agency, Inc.*, 196 N.C. App. 290, 293 (2009) (citation omitted). Whether a claim is barred by the statute of limitations is generally "a mixed question of law and fact." *Rowell v. N.C. Equip. Co.*, 146 N.C. App. 431, 434 (2001) (quotation marks and citation omitted). "However, where the statute of limitations is properly pled and the facts are not in conflict, the issue becomes a matter of law,

and summary judgment is appropriate." *Id.* (citation omitted).

A statute of limitations defense will not be applied when the plaintiff's delay in filing suit "has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Duke Univ. v. Stainback*, 320 N.C. 337, 341 (1987) (citation omitted). However, mere settlement discussions are not enough to displace the application of an applicable statute of limitations. *Turning Point Indus. v. Global Furniture, Inc.*, 183 N.C. App. 119, 125 (2007). "[P]laintiff must show that defendant falsely represented to him that the statute would be extended . . . or that defendant would not assert the statute as a defense. Plaintiff would also have to show that he reasonably relied on this representation in failing to file suit" within the applicable time period. *Id.* (citation omitted).

Here, the trial court found that Plaintiff's claim is barred by the statute of limitations and that "Defendants did nothing to cause the Plaintiff's predecessors in interest to believe the Statute of Limitations had been tolled." We agree. Plaintiff put forth no evidence that Defendants affirmatively misled or induced Plaintiff not to file its claim before the running of the applicable statute of limitations. *See Taylor v. Coats*, 180 N.C. App. 210, 212-13 (2006) (explaining that if the moving party satisfies its burden "by proving that the non-moving party cannot overcome an affirmative defense to bar the claim[,] . . . the burden shifts to the non-moving party to establish an issue that should be given to a jury.") (citations omitted).

The evidence instead shows that the parties in interest, in good faith, agreed

to settlements on several occasions; however, before the settlements could be finalized, the deed of trust would again change hands. Plaintiff has failed to present any evidence of bad faith on the part of Defendants; there is no evidence that Defendants "misled, lulled, or kept [P]laintiff from filing its complaint earlier. No evidence shows [D]efendant[s] [] misled [P]laintiff or induced [P]laintiff not to institute suit." *Turning Point Indus.*, 183 N.C. App. at 126. Accordingly, the trial court did not err by granting Defendants' motion for summary judgment on the grounds that Plaintiff's claim is barred by the statute of limitations.

### III.  Conclusion

For the foregoing reasons, we affirm the trial court's order granting Defendants' motion for summary judgment.

AFFIRMED.

Chief Judge DILLON and Judge WOOD concur.