E. A. DOLLAR, JR. AND FOYE S. DOLLAR, PLAINTIFFS v. BESS B. TAPP, DEFENDANT

E. A. DOLLAR, JR., FOYE S. DOLLAR, AND ARCHIE DOLLAR, PLAINTIFFS v. BESS B. TAPP, DEFENDANT

No. 9015DC1096

(Filed 4 June 1991)

**Rules of Civil Procedure § 60.2 (NCI3d)— action on debts—Rule 60 motion improperly denied**

The trial court erred by denying defendant's motion for a new trial under N.C.G.S. § 1A-1, Rule 60(b)(6) in an action on a debt where defendant received a calendar request four days prior to the session of court at which trial was set, rather than a trial calendar four weeks prior as required by the General Rules of Practice, and defendant forecast a meritorious defense in her answer in that she contended that the money had been repaid as part of a separate transaction and attached a check as evidence. Whether defendant can properly establish that this transaction took place and what the parties intended it to accomplish are matters to be resolved at a trial on the merits.

**Am Jur 2d, Trial §§ 25, 28.**

APPEAL by defendant from order entered 14 June 1990 in ORANGE County District Court by *Judge Stanley Peele.* Heard in the Court of Appeals 13 May 1991.

**DOLLAR v. TAPP**

[103 N.C. App. 162 (1991)]

Plaintiffs filed this action to recover a debt they alleged was owed them by defendant. Several days later, they filed a second complaint which substituted Archie Dollar for E.A. Dollar, Jr. in their second claim but was in all other respects identical. Defendant filed a *pro se* answer admitting that she borrowed money from plaintiffs but claimed the debt had been extinquished through a separate business transaction with plaintiffs.

On 27 February 1990, plaintiffs served a motion for consolidation and a notice of hearing for that motion, along with a calendar request for a hearing on the motion and the trial on the merits, by mail on defendant. The calendar request was for the session beginning 5 March 1990. Defendant received the documents on 1 March 1990 and called the Office of the Clerk of Court to tell them she could not be in court on 5 March. At the call of the calendar on 5 March, plaintiffs' motion for consolidation was granted, and the matter set for trial on 19 March. No one ever informed defendant of the trial date. She did not attend the trial, and judgment was entered against her.

Defendant then retained counsel and filed a Rule 60(b) motion to set aside the judgment. The trial court made findings of fact and concluded that defendant had failed to show a meritorious defense to plaintiffs' claims and had received notice of plaintiffs' request that the matter be set for trial "according to the local practice." Based on these findings and conclusions the trial court denied the motion. Defendant appeals.

*Bayliss, Hudson & Merritt, by Ronald W. Merritt, for plaintiffs-appellees.*

*Levine, Stewart & Davis, by Donna Ambler Davis, for defendant-appellant.*

WELLS, Judge.

Defendant assigns error to the trial court's conclusions that she was given proper notice of plaintiffs' request that the matter be set for trial and that she failed to show a meritorious defense to plaintiffs' action. We agree with defendant and award a new trial.

Defendant contends that the trial court erred in failing to set aside the judgment and grant her a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) of the North Carolina Rules of Civil Procedure. This subsection serves as a "grand reservoir

DOLLAR v. TAPP

[103 N.C. App. 162 (1991)]

of equitable power" by which a court may grant relief from a judgment whenever extraordinary circumstances exist and there is a showing that justice demands it. *Oxford Plastics v. Goodson*, 74 N.C. App. 256, 328 S.E.2d 7 (1985).

The trial court concluded that defendant received notice of plaintiffs' request "that the matter be set for trial at the March, 1990 session according to the local practice." The Rules of Practice require more than this, however. Rule 2(b) of the General Rules of Practice for the Superior and District Courts provides:

> The civil calendar shall be prepared under the supervision of the Senior Resident Judge or Chief District Court Judge. Calendars must be published and distributed by the Clerk of Court to each attorney of record (or party where there is no attorney of record) and presiding judge no later than four weeks prior to the first day of court.

Rule 3.1 of the Rules of Practice for Civil District Court in Judicial District 15-B provides:

> Request for the setting of cases on the trial calendar shall be made in writing no later than four (4) weeks prior to the beginning of the session of court. Copies of all requests shall be sent to opposing counsel. The calendar shall be set and mailed out.

Defendant received a calendar request four days prior to the session of court at which the trial was set, rather than a trial calendar four weeks prior, as is required by the General Rules of Practice. While we recognize that no formal trial date is set in District 15-B until the day of calendar call, this does not alter the requirement that a party receive notice that a trial on the merits has been set for a particular session of court. A calendar request received four days before the start of the session is not sufficient.

We recognize that the law imposes certain affirmative duties on parties to a lawsuit to keep abreast of the proceedings in that suit. A party once served with a summons has a duty to give the matter the attention a person of ordinary prudence would give to important business. *Anderson Trucking Service, Inc. v. Key Way Transport, Inc.*, 94 N.C. App. 36, 379 S.E.2d 665 (1989). This duty does not negate the notice requirements of Rule 2, however. "Rule 2 of the Rules of Practice, by requiring notice of the calendar-

ing of a case, secures to a party the opportunity to prepare his case for trial and to be present for trial or to seek a continuance." *Laroque v. Laroque*, 46 N.C. App. 578, 265 S.E.2d 444, *disc. review denied*, 300 N.C. 558, 270 S.E.2d 109 (1980). Defendant did not receive the requisite notice that a trial on the merits would take place during the 5 March 1990 session of court. On these facts, "a reasonable application of the provisions of Rule 60(b)(6)" requires that defendant's failure to appear at the trial be excused. *Oxford Plastics, supra.*

These procedural deficiencies are not sufficient, however, to require granting relief under Rule 60. The defendant also must forecast a meritorious defense to plaintiffs' action. *Id.* A meritorious defense is a real or substantial defense, and a mere denial of indebtedness is not sufficient. *PYA/Monarch, Inc. v. Ray Lackey Enterprises, Inc.*, 96 N.C. App. 225, 385 S.E.2d 170 (1989). Defendant filed an answer in which she admits the original loans (although challenging which one of the plaintiffs actually loaned her the money) but contends that the money was repaid as part of a separate transaction between the parties. She also attached a check which she contends is evidence of that transaction. Plaintiffs' contention that the transaction defendant relies on makes little business sense is not dispositive. The trial court should not attempt to resolve the factual dispute but should determine only if the movant has sufficiently forecast a meritorious defense. *Chapparal Supply v. Bell*, 76 N.C. App. 119, 331 S.E.2d 735 (1985). We also disagree with plaintiffs' contention that defendant's answer merely shows a business deal through which the debt could be repaid at a later date. We think it equally reasonable to infer from the language used that the debt was considered repaid at that time.

Defendant has sufficiently forecast a meritorious defense— repayment. Whether she can properly establish that this transaction in fact took place and what the parties intended to accomplish through it are matters properly to be resolved at a trial on the merits. For the reasons stated, we hold that the trial court erred in denying defendant's motion and remand for a new trial.

The order denying defendant's Rule 60(b) motion is

Reversed.

The judgment entered for plaintiff is

Vacated.

This matter is remanded for trial on the merits.

Judges ARNOLD and PHILLIPS concur.