WILLIE BARNES, PLAINTIFF v. CHARLES LEE TAYLOR, AND WIFE, AMY SHIVERS TAYLOR, DEFENDANTS v. ART DELLANO D/B/A CALVARY HOMES OF WASHINGTON, AND, BANK OF AMERICA, THIRD-PARTY DEFENDANTS

No. COA00-1480

(Filed 5 February 2002)

**Civil Procedure— Rule 60(b) motion—standing—trial court can set aside judgment on own initiative**

The trial court did not abuse its discretion by setting aside a judgment that was entered against defendant individuals directing them to remove their trailer from the pertinent subdivision that was in violation of a restrictive covenant even though the trial court extended relief to defendant individuals under defend-

ant home corporation's N.C.G.S. § 1A-1, Rule 60(b) motion when defendant individuals did not make a request, because: (1) defendant home corporation had standing to move for relief under Rule 60(b); and (2) even if defendant home corporation did not have standing, the trial court had authority to set aside its earlier judgment on its own initiative.

Appeal by plaintiff from judgment entered 17 July 2000 by Judge G.K. Butterfield in Pitt County Superior Court. Heard in the Court of Appeals 7 November 2001.

*Mattox, Davis, & Barnhill, P.A., by Fred T. Mattox and Amy A. Edwards, for plaintiff-appellant.*

*The Law Office of Earl T. Brown, P.C., by Earl T. Brown, for defendant and third-party plaintiff-appellees.*

THOMAS, Judge.

Plaintiff, Willie Barnes, appeals the trial court's order setting aside a judgment earlier entered against defendants, Charles Lee Taylor, and wife, Amy Shivers Taylor.

After the trial court had entered its first order directing defendants to remove their trailer from a subdivision, only third-party defendant Calvary Homes, Inc. (Calvary), erroneously designated as Art Dellano d/b/a Calvary Homes of Washington, filed a motion seeking relief. Plaintiff contends the trial court erred in extending relief under Calvary's Rule 60(b) motion to defendants since they had made no request. We agree with the trial court.

The action was initiated by plaintiff seeking a mandamus be issued directing defendants to remove a trailer from the Greenfield Terrace Subdivision. Plaintiff alleged that defendants had placed a trailer on the property in violation of a restrictive covenant.

In their answer, defendants claimed that they owned a modular home, not a trailer, and therefore were not in violation of the covenant. Defendants later filed a third-party complaint against the seller of the home, Calvary. They alleged misrepresentation, breach of warranty, and unfair and deceptive trade practices in that Calvary had represented the structure to be a modular home. Defendants also requested that Calvary indemnify them for any relief granted to plaintiff.

**BARNES v. TAYLOR**

[148 N.C. App. 397 (2002)]

The trial court entered judgment on 8 October 1997 in favor of plaintiff, finding the home to be a trailer, and ordering defendants to remove it from the subdivision lot. Calvary then filed a motion on 5 November 1997 to set aside the judgment under N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (1999), based on *Briggs v. Rankin*, 127 N.C. App. 477, 491 S.E.2d 234 (1997), *aff'd*, 348 N.C. 686, 500 S.E.2d 663 (1998). The *Briggs* opinion had been filed on 7 October 1997, one day before the trial court entered judgment here. In *Briggs*, this Court sets forth the factors to be used in determining if a structure is a modular or trailer home. Based on the factors, the trial court determined that "it is clear that [defendants'] home does not violate the restrictive covenants of Greenfield Terrace Subdivision and, therefore, the October 8, 1997 ruling was erroneous."

The trial court granted Calvary's motion requesting relief from judgment on 17 July 2000. The trial court stated in its order:

[A]lthough [defendants] did not file a written motion under Rule 60(b), nor gave notice of appeal to the North Carolina Court of Appeals in this matter, justice requires that any ruling on [Calvary's] motion for relief be extended to [defendants]. [Defendants] participated in subsequent hearings in connection with the Rule 60(b) motion.

We note initially that relief under N.C. Gen. Stat. § 1A-1, Rule 60(b) is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion. *Harrington v. Harrington*, 38 N.C. App. 610, 612, 248 S.E.2d 460, 461 (1978).

By plaintiff's only assignment of error, he argues that the trial court erred in granting relief to defendants on two bases: (1) Calvary had no standing to request that the earlier order be set aside; and (2) defendants did not request any relief. Since defendants filed no motion, he contends, the first order could not be changed by the trial court no matter how erroneous.

First, we reject plaintiff's contention that Calvary lacked standing to request affirmative relief. "Standing" refers to the issue of whether a party has a sufficient stake in an otherwise justiciable controversy that he or she may properly seek adjudication of the matter. *Sierra Club v. Morton*, 405 U.S. 727, 732, 31 L. Ed. 2d 636, 641 (1972). In general, only a party or his legal representative has standing to request that an order be set aside under Rule 60(b); a stranger to the action may not request such relief. *Bowling v. Combs*, 60 N.C. App.

234, 239, 298 S.E.2d 754, 757, *disc. review denied*, 307 N.C. 696, 301 S.E.2d 389 (1983).

Here, Calvary and defendants were full participants in the entire trial and hearing process, including being parties to the stipulation of facts upon which the court based its first order. There was no motion to prevent Calvary's active involvement, the trial court's initial judgment exposed it to liability, and jurisdiction was retained to later determine defendants' claims. Calvary, therefore, has standing to move for relief under Rule 60(b).

Even if Calvary did not have standing, the trial court had authority to set aside its earlier judgment on its own initiative. *See Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 717, 220 S.E.2d 806, 811 (1975), *disc. review denied*, 289 N.C. 619, 223 S.E.2d 396 (1976) (in granting relief from judgment, a court is not restricted to acting on motion, but may also act on its own initiative). Under Rule 60(b), the court may relieve a party from a final judgment for reasons named in the rule such as mistake, newly discovered evidence, and fraud. N.C. Gen. Stat. § 1A-1, Rule 60(b)(1)-(3) (1999). The court may also grant relief for "[a]ny other reason justifying relief form the operation of judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (1999). Thus, the Rule has been described as a " 'grand reservoir of equitable power' by which a court may grant relief from a judgment whenever extraordinary circumstances exist and there is a showing that justice demands it." *Dollar v. Tapp*, 103 N.C. App. 162, 163-64, 404 S.E.2d 482, 483 (1991).

In the present case, the *Briggs* opinion had been filed a mere day prior to the trial court's first order. Under Rule 60(b)(1)-(3), a party must make the motion for relief within one year. N.C. Gen. Stat. § 1A-1, Rule 60(b). Under Rule 60(b)(6), a party must make the motion "within a reasonable time." *Id.* Here, less than thirty days after the trial court's decision, this Court's holding in *Briggs* was brought to the trial court's attention through the motion of a party to the action.

The *Briggs* opinion clearly showed that the trial court had earlier erred in requiring defendants to move a structure, their home, from their own property. Due to the extraordinary circumstances present here, we reject plaintiff's contention that the trial court lacked authority to act on its own initiative in order to accomplish justice.

BUNCOMBE CTY. ex rel. FRADY v. ROGERS

[148 N.C. App. 401 (2002)]

Under the facts of this case, the trial court could have corrected the earlier judgment either on its own motion or the motion of Calvary. The order of the trial court is affirmed.

AFFIRMED.

Judges WYNN and WALKER concur.