LENNIE AND BONNIE HAMBY, PLAINTIFFS v. PROFILE PRODUCTS, LLC, TERRA-MULCH PRODUCTS, LLC, ROY D. HOFFMAN, AND ELECTRIC SERVICE GROUP, INC., DEFENDANTS

No. COA08-942

(Filed 19 May 2009)

**1. Workers' Compensation— workplace injury—*Woodson* claim—evidence—OSHA violations—not sufficient**

Plaintiffs' forecast of evidence at summary judgment was insufficient to establish a *Woodson* claim against Terra-Mulch. Plaintiffs' forecast showed that Hamby was injured by Terra-Mulch's inadequately guarded machinery in violation of OSHA standards, but did not demonstrate that Hamby was specifically instructed to descend from a truck-dump operator platform in a manner that exposed him to the hazardous augers or that

Terra-Mulch was otherwise substantially certain he would be seriously injured.

**2. Workers' Compensation— workplace injury—*Woodson* claim—risk assessment—evidence not sufficient**

In a personal injury case arising from a workplace accident, on remand after an appellate determination that defendant Profiles's knowledge and misconduct can be attributed to defendant Terra-Mulch, the trial did not abuse its discretion by denying plaintiffs' motion to reconsider a grant of summary judgment for Terra-Mulch. Defendant's forecast of evidence was not sufficient to establish a *Woodson* claim even with a Risk Assessment Report by a consultant being attributed to Terra-Mulch.

**3. Civil Procedure— summary judgment ruling—discovery not complete—no abuse of discretion**

The trial court did not err by granting summary judgment for defendant Terra-Mulch before ruling on plaintiffs' outstanding discovery motion. Plaintiffs may not argue on appeal that the trial court erred by granting summary judgment for Terra-Mulch before ruling on their motion to compel when plaintiffs manifestly acquiesced to that course of events at the summary judgment hearing. Moreover, it cannot be concluded that the additional information would have produced a different outcome.

Appeal by Plaintiffs from order entered 8 May 2008 by Judge Timothy L. Patti in Superior Court, Caldwell County. Heard in the Court of Appeals 9 March 2009.

*Jones Martin Parris & Tessener Law Offices, P.L.L.C, by John Alan Jones & G. Christopher Olson, for plaintiffs.*

*Forman Rossabi Black, P.A., by Amiel J. Rossabi & William F. Patterson, Jr., for defendant Terra-Mulch Products, LLC.*

WYNN, Judge.

This is the second appeal arising from an action brought by Plaintiffs Lennie and Bonnie Hamby against defendants Roy Hoffman; Terra-Mulch, L.L.C. ("Terra-Mulch"); Profile Products, L.L.C. ("Profile"); and Electric Service Group, Inc. ("ESG"), for personal injuries sustained in a workplace accident. Though this matter has been the subject of opinions from this Court and the Supreme Court, to appre-

ciate the procedural posture of this case, we first describe the roles of each of the parties involved in this litigation.

Plaintiff. Lennie Hamby ("Hamby") worked as a truck-dump operator for Terra-Mulch at its Conover, North Carolina plant. While descending an elevated platform to clear accumulated wood chips in an auger pit, he slipped and entangled his left leg in the augers, which failed to deactivate because the emergency switch was inoperable. The incident resulted in the amputation of his left leg above the knee. Lennie and Bonnie Hamby ("Plaintiffs") brought a civil action describing Terra-Mulch as a wholly-owned subsidiary of Profile; Profile as the alter ego of Terra-Mulch; Roy Hoffman as an Assistant Plant Manager for Terra-Mulch; and ESG as a corporation hired to perform electrical work at Terra-Mulch's Conover plant.

Plaintiffs "allege that Profile and Terra-Mulch collectively failed to provide a safe work site for the inherently dangerous work Hamby performed and that they thus 'engaged in conduct which was grossly negligent, willful and wanton, and substantially certain to lead to death or serious injury . . . .' " *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 632, 652 S.E.2d 231, 233 (2007). Though Plaintiffs asserted joint claims against Profile and Terra-Mulch, Plaintiffs argued (and our Supreme Court so interpreted) that they were asserting a claim against Terra-Mulch pursuant to *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991), and an ordinary negligence claim against Profile. *Hamby*, 361 N.C. at 634, 652 S.E.2d at 234. Plaintiffs also asserted a claim against Terra-Mulch's Assistant Plant Manager, Roy Hoffman, pursuant to *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985), alleging that he "engaged in misconduct which was willful and wanton." Finally, Plaintiffs alleged that ESG negligently performed electrical work causing an emergency stop button to become inoperable, resulting in serious injury to Hamby.

In May 2005, all Defendants moved for summary judgment. On 1 June 2005, Plaintiffs moved to compel discovery, requesting relief pursuant to Rule 56 (f) of the North Carolina Rules of Civil Procedure 56(f). On 6 June 2005, without ruling on Plaintiffs' motion to compel discovery, the trial court granted summary judgment to Terra-Mulch and Hoffman, but denied summary judgment to Profile and ESG. Profile immediately appealed the denial of summary judgment to this Court, which in a divided opinion dismissed that appeal as interlocutory. *Hamby v. Profile Prods., L.L.C.*, 179 N.C. App. 151, 158, 632 S.E.2d 804, 809 (2006).

Based on the dissenting opinion, Profile appealed as a matter of right to our Supreme Court, which found the denial of summary judgment to Profile immediately appealable. *Hamby*, 361 N.C. at 639, 652 S.E.2d at 237. To reach that result, the Supreme Court first agreed that Profile's appeal from the denial of summary judgment was interlocutory because the trial court's order "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 633, 652 S.E.2d at 233 (citations and quotation marks omitted). The Court further noted that the trial court did not certify the matter for appeal under Rule 54(b); so, to merit review, the interlocutory order had to affect a substantial right. *Id.* at 634, 652 S.E.2d at 233-34. The Court next focused on Plaintiffs' allegations and evidence that "Profile is [Terra-Mulch's] sole member[-manager]," *id.* at 636-37, 652 S.E.2d at 235, and that under the pertinent statutes, "when a member-manager is managing the LLC's business, its liability is inseparable from that of the LLC."[1] *Id.* at 638, 652 S.E.2d at 236. Because Plaintiffs' allegations and forecast of evidence tended to show that Profile was conducting Terra-Mulch's business when Hamby was injured, the Supreme Court concluded that "Profile's liability for actions taken while managing Terra-Mulch is inseparable from the liability of Terra-Mulch . . . ." *Id.* at 639, 652 S.E.2d at 237. It followed that the grant of summary judgment to Terra-Mulch, while denying summary judgment to Profile, created the risk of inconsistent verdicts and made the denial of summary judgment to Profile immediately appealable. *Id.* The Court further concluded that,

> the trial court erred in denying Profile's motion for summary judgment because the denial was premised on Plaintiffs' assertion of a third-party ordinary negligence claim against Profile, a claim that, as a matter of law, plaintiffs could not bring against Profile. Therefore, we remand this case to the Court of Appeals for further remand to the trial court for entry of summary judgment in favor of Profile.

*Id.*

After the Supreme Court's decision, on 9 January and 3 March 2009, Plaintiffs filed a Motion for Reconsideration regarding

---

1. The Court conspicuously noted that Plaintiffs "did not cross-assign error to the trial court's grant of summary judgment for Terra-Mulch on grounds that the exclusive remedy plaintiffs have against Terra-Mulch is under the Worker's Compensation Act." *Hamby*, 361 N.C. at 634, 652 S.E.2d at 234.

the granting of summary judgment in favor of Terra-Mulch, contending that,

> When the summary judgment arguments were heard . . ., the parties' arguments were premised on Profile's status as a separate legal entity apart from the employer, Terra-Mulch. As such, the misconduct on the part of Defendant Profile was not attributed to Defendant Terra-Mulch. The Supreme Court Opinion in this matter materially changed the substantive law governing issues involved in this case and compels a different result with respect to the summary judgment ruling in favor of Defendant Terra-Mulch. Under the Supreme Court's ruling, the actions, misconduct, and knowledge of Profile is properly attributable to Defendant Terra-Mulch.

The trial court denied Plaintiff's Motion for Reconsideration on 8 May 2008 but certified "the judgment and all rulings in favor of Defendant Terra-Mulch Products, LLC" to this Court for immediate review. Thereafter, Plaintiffs gave "notice of appeal from the following Orders, rulings, and actions of the trial court:"

(1) The Order by the Honorable Nathanial J. Poovey entered on 21 June 2005, granting Defendant Terra-Mulch Products, LLC's and Defendant Roy D. Hoffman's Motions for Summary Judgment;

(2) The decision by the Honorable Nathanial J. Poovey to proceed with the hearing of Defendant Terra-Mulch Products, LLC's Motion for Summary Judgment without addressing Plaintiff's pending Motion to Compel and request for relief pursuant to Rule 56(f) of the North Carolina Rules of Civil Procedure;

(3) The Order of the Honorable Robert P. Johnston entered 27 July 2005, staying discovery pending Defendant Profile Products, LLC's appeal;

(4) The decision by the Honorable Robert P. Johnston to proceed with the hearing of Defendant Profile Products, LLC's Motion to Stay without addressing Plaintiffs' pending Motion to Compel;

(5) The 8 May 2008 Order by the Honorable Timothy L. Patti denying Plaintiffs' Motion for Reconsideration in Light of Subsequently-Decided Authority pursuant to N.C.R. Civ.P.60(b)(6); and

(6) The decision of the Honorable Timothy L. Patti to pro-
ceed with the hearing of Plaintiffs' Motion for Reconsideration
without addressing Plaintiffs' pending Motion to Compel and
request for relief pursuant to Rule 56(f) of the North Carolina
Rules of Civil Procedure.

Plaintiffs also filed a petition for writ of certiorari, asking this Court
to review the grant of summary judgment to Hoffman contemporane-
ously with the motion to reconsider the grant of summary judgment
to Terra-Mulch. Defendants Terra-Mulch and Hoffman opposed
Plaintiffs' petition for writ of certiorari; Terra-Mulch also moved to
dismiss this appeal.

From the outset, we observe that our Supreme Court, in mandat-
ing the entry of summary judgment in favor of Profile, found it signif-
icant to note preliminarily "that plaintiffs did not cross-assign error to
the trial court's grant of summary judgment for Terra-Mulch on
grounds that the exclusive remedy plaintiffs have against Terra-Mulch
is under the Workers' Compensation Act." *Id.* at 634, 652 S.E.2d at
234. The Supreme Court pointed out that,

Plaintiffs' complaint, amended three times, asserts all claims
against Terra-Mulch and Profile jointly, and none of these claims
allege ordinary negligence as to those defendants. Before the trial
court, the Court of Appeals, and this Court, plaintiffs have argued
that Profile's liability is based on ordinary negligence, not gross
negligence. The pivotal question presented by this case is
whether, as a matter of law, plaintiffs are able to assert an ordi-
nary negligence claim in civil court against Profile, the member-
manager of the employer Terra-Mulch. To answer that question
and, in so doing, determine whether the trial court's order creates
the risk of inconsistent verdicts, we must decide whether Profile,
like Terra-Mulch, is entitled to the protection of the exclusivity
provision of Chapter 97.

*Id.*

The Court's statement that the Plaintiffs failed to "cross-assign
error to the trial court's grant of summary judgment for Terra-Mulch
on grounds that the exclusive remedy plaintiffs have against Terra-
Mulch is under the Workers' Compensation Act," when read alone,
appears to indicate that the trial court's order of summary judgment
in favor of Terra-Mulch was a final order. However, in mandating that
summary judgment be granted for Profile, the Supreme Court did not

reach the issue of whether the trial court properly determined that Plaintiffs could not establish a viable *Woodson* claim against Terra-Mulch. Instead, the Court held that "the trial court erred in denying Profile's motion for summary judgment because the denial was premised on Plaintiffs' assertion of a third-party ordinary negligence claim against Profile, a claim that, as a matter of law, plaintiffs could not bring against Profile." *Id.* at 639, 652 S.E.2d at 237. Thus, we now address the issues arising from the granting of summary judgment for Terra-Mulch.

On appeal, Plaintiffs argue the trial court erred by (I) granting summary judgment in favor of Terra-Mulch on the ground that Plaintiffs failed to establish a *Woodson* claim; (II) denying their motion to reconsider because our Supreme Court's opinion in this case changed the law regarding evidence that could be. attributed to Terra-Mulch at summary judgment; and (III) failing to consider discoverable evidence by not ruling on Plaintiffs' motion to compel discovery.

I.

**[1]** Plaintiffs first contend that the.trial court erred by granting summary judgment for Terra-Mulch on the ground that Plaintiffs failed to establish a *Woodson* claim; and thus, their exclusive remedy was under the Worker's Compensation Act. We uphold the trial court's grant of summary judgment in favor of Terra-Mulch.

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Draughon v. Harnett County Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001)), *aff'd per curiam*, 358 N.C. 381, 591 S.E.2d 521 (2004). "A defendant may show entitlement to summary judgment by '(1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense.' " *Id.* (citations omitted). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *In re Will of Jones*, 362 N.C. 569, 573-74, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).

The burden of establishing a *Woodson* claim is akin to a showing of culpability required to establish an intentional tort:

> [W]hen an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the [Worker's Compensation] Act.

*Woodson v. Rowland*, 329 N.C. 330, 340-41, 407 S.E.2d 222, 228 (1991). "The elements of a *Woodson* claim are: (1) misconduct by the employer; (2) intentionally engaged in; (3) with the knowledge that the misconduct is substantially certain to cause serious injury or death to an employee; and (4) that employee is injured as a consequence of the misconduct." *Pastva v. Naegele Outdoor Adver., Inc.*, 121 N.C. App. 656, 659, 468 S.E.2d 491, 494 (1996) (citing *Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228). "Such circumstances exist where there is uncontroverted evidence of the employer's intentional misconduct and where such misconduct is substantially certain to lead to the employee's serious injury or death." *Whitaker v. Town of Scotland Neck*, 357 N.C. 552, 557, 597 S.E.2d 665, 668 (2003). *Woodson* created "a narrow exception to the exclusivity provisions of the North Carolina Workers' Compensation Act," applicable "only in the most egregious cases of employer misconduct." *Id.*

*Woodson's* facts are unquestionably the benchmark for a plaintiff seeking to escape the exclusivity provision of this State's Worker's Compensation Act.

> In *Woodson*, the defendant-employer's president was on the job site and observed first-hand the obvious hazards of the deep trench in which he directed the decedent-employee to work. Knowing that safety regulations and common trade practice mandated the use of precautionary shoring, the defendant-employer's president nonetheless disregarded all safety measures and intentionally placed his employee into a hazardous situation in which experts concluded that only one outcome was substantially certain to follow: an injurious, if not fatal, cave-in of the trench.

*Whitaker*, 357 N.C. at 557-58, 597 S.E.2d at 668 (citing *Woodson*, 329 N.C. at 335, 345-46, 407 S.E.2d at 225, 231-32).

HAMBY v. PROFILE PRODS., LLC

[197 N.C. App. 99 (2009)]

In sharp contrast to *Woodson's* singular circumstances, in this case, Plaintiffs relied on the following forecast of evidence at summary judgment: deposition testimony of employees acknowledging injuries and dangerous conditions at Terra-Mulch's Conover plant; an affidavit from a certified safety professional opining that documented OSHA violations at Terra-Mulch's Conover plant created "an extremely dangerous" work environment and made it "virtually inevitable that an employee would be killed or seriously injured"; Hoffman's agreement during his deposition that conditions documented by the Risk Assessment Report indicated a "virtual inevitability that somebody would be seriously injured unless safety changes were implemented"; and post-incident OSHA citations for safety violations at the Conover plant, including the lack of a stairway from the loading dock to the truck-dump operator platform and inadequate guarding. There was also evidence that it was customary for workers to complete their tasks in a manner that exposed them to the safety violations. The trial court granted summary judgment for Terra-Mulch despite Plaintiffs' pending discovery requests. We agree that Plaintiffs' forecast of evidence was insufficient.

Plaintiffs' forecast of evidence in this case is not unlike the plaintiff-employee's insufficient allegations in *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 424 S.E.2d 391 (1993). In *Pendergrass*, the plaintiff-employee asserted *Pleasant* claims against his co-employee-defendants and a *Woodson* claim against his employer-defendant. *Id.* at 237, 424 S.E.2d at 394. The plaintiff-employee alleged that the co-employee and employer defendants proximately caused his injuries because they were "grossly and wantonly negligent" in designing and permitting the use of a machine with inadequate guards in violation of OSHA standards, and further directing him to work at the inadequately guarded machine. *Id.* at 238, 424 S.E.2d at 394. The Court held that the plaintiff-employee did not state a *Pleasant* claim because, while the co-employee-defendants "may have known certain dangerous parts of the machine were unguarded when they instructed [the plaintiff-employee] to work at the machine, we do not believe this supports an inference that they intended that [the plaintiff-employee] be injured or that they were manifestly indifferent to the consequences of his doing so." *Id.* at 238, 424 S.E.2d at 394. Nor were the plaintiff-employee's allegations sufficient to meet "the higher level of negligence as defined in *Woodson* of substantial certainty of injury." *Id.* at 239-40, 424 S.E.2d at 395.

Similar to the plaintiff-employee's allegations in *Pendergrass*, Plaintiffs' forecast of evidence here shows that Hamby was injured by Terra-Mulch's inadequately guarded machinery—the rotating augers—in violation of OSHA standards. Our Supreme Court, however, found this circumstance insufficient to establish a *Woodson* claim, even when coupled with an allegation that supervisors specifically directed the employee to work in the face of the hazard. *Id.* at 235, 424 S.E.2d at 393. Plaintiffs' allegations and forecast of evidence in this case did not demonstrate that Hamby was specifically instructed to descend from the truck-dump operator platform in the manner that exposed him to the hazardous augers, or that Terra-Mulch was otherwise "substantially certain" he would be seriously injured. *But cf. Woodson*, 329 N.C. at 346, 407 S.E.2d at 231-32 ("[The employer's president's] knowledge and prior disregard of dangers associated with trenching; his presence at the site and opportunity to observe the hazards; his direction to proceed without the required safety procedures; [and evidence showing the trench's inherent danger] . . . converge to make plaintiff's evidentiary forecast sufficient to survive [the employer]'s motion for summary judgment."). Accordingly, we agree with the trial court that Plaintiffs' forecast of evidence at summary judgment was insufficient to establish their *Woodson* claim against Terra-Mulch.

## II.

[2] Next, Plaintiffs argue the trial court erred by denying their motion to reconsider its grant of summary judgment for Terra-Mulch because the Supreme Court's opinion changed the applicable law. Plaintiffs seek relief under North Carolina Rule of Civil Procedure 60(b)(6) contending that the Supreme Court's holding that Profile's knowledge and misconduct can be imputed to Terra-Mulch changed the governing law that was applied in the summary judgment hearing, at which Profile and Terra-Mulch were treated as separate entities. We hold that the trial court was within its discretion to deny Plaintiffs' motion to reconsider.

Plaintiffs argue that in light of the Supreme Court's opinion, the trial court should further consider their evidence against Profile—a Risk Assessment Report prepared prior to Hamby's injury—as being attributable to Terra-Mulch. The Risk Assessment Report memorializes a risk control consultant's safety inspection of Terra-Mulch's Conover plant on 7 February 2002 for purposes of insuring the plant. The consultant generally found safety conditions at the Conover Terra-Mulch plant unsatisfactory, and also made the following spe-

cific findings, which Plaintiffs deem particularly relevant to their *Woodson* claim:

> [The Conover Terra-Mulch plant] has all the red flags of an uncontrolled high hazard account. High risk operation with frequency, severity and catastrophic worker compensation exposures, new management (acting plant manager and most experience on site manager has been there less than a year) (sic), high turn over, low paying jobs, basic OSHA controls not in place, no safety program, no accountabilities, no safety culture. Corporate pressure is work 24/7 and get production out.
>
> . . .
>
> Basically no [risk management programs] in place. There may be a sign here and there; safety glasses are worn and emergency exit maps, but that is it.
>
> . . .
>
> Physical Exposures—Machinery (caught in/amputations); Exposure: High; Control: Needs Improvement; Comments: Choppers, chippers & augers needs improvement. There are some jury-rigged interlock controls but I would want to rely on them if I fell onto a conveyor and was moving toward a chipper. (sic)
>
> . . .
>
> Worker's Compensation Comments: No foreign travel or aircraft. The acct has a turnover rate of between 30 and 70 employees a month. Most of these are temps but they also loose (sic) permanent employees each year (not sure how many, contact would not say). This provides a situation where employees are never really informally trained on jobs and we don't know the losses that have occurred to the temp. The acct keeps their OSHA log on their employees only and tell me the Temp agency takes care of the temps. The account has not addressed their basic OSHA requirements and basically I was told production is the only real concern. . . . The only accountability is budgetary and production.
>
> . . .
>
> This is the poorest worker's comp account I have seen in a long time. Without very strong guidance and leadership from the corporate office, it will never change (and based on used (sic)

of temps and turnover, I don't think it will change even with corporate guidance). My opinion is that we should not insure this account.

. . .

Likelihood of Compliance: My contact stated the emphasis is production. Also he feels that the turn over is so great, why train, people who are gone tomorrow. . . . Right now this location is overwhelmed and corporate just isn't providing guidance. . . .

Following the inspection, the safety consultant sent a letter, containing specific safety recommendations reflecting the unsatisfactory conditions, to Jim Cebulski, Profile's Vice President and Controller.

Rule 60(b)(6) authorizes a trial court to relieve a party from a final order or judgment for "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2007). Accordingly, "the Rule has been described as a 'grand reservoir of equitable power' by which a court may grant relief from a judgment whenever extraordinary circumstances exist and there is a showing that justice demands it." *Barnes v. Taylor*, 148 N.C. App. 397, 400, 559 S.E.2d 246, 248-49 (2002) (quoting *Dollar v. Tapp*, 103 N.C. App. 162, 163-64, 404 S.E.2d 482, 483 (1991)). Rule 60(b)(6) is properly employed to revisit a judgment affected by a subsequent change in the law. *See id.*; *McNeil v. Hicks*, 119 N.C. App. 579, 580-81, 459 S.E.2d 47, 48 (1995). However, this Court reviews a trial court's decision whether to grant relief from judgment under Rule 60(b)(6) for an abuse of discretion. *Barnes*, 148 N.C. App. at 399, 559 S.E.2d at 248.

Here, we find no abuse of discretion in the trial court's denial of Plaintiffs' motion to reconsider because their forecast of evidence is insufficient to establish a *Woodson* claim even when the Risk Assessment Report is attributed to Terra-Mulch. First, we deem it significant that the trial court heard evidence and arguments on all Defendants' summary judgment motions in the same hearing. We also observe that Plaintiffs in fact attributed the Risk Assessment Report to Terra-Mulch, with the same level of detail with which they cite the Report to this Court in this appeal, in their Memorandum in Opposition to Defendants' Motion for Summary Judgment. Thus, even if we assume, as Plaintiffs contend, that the trial court did not consider the Risk Assessment Report for its probative value against Terra-Mulch, we hold that the consideration of the additional evidence would still not establish a *prima facie Woodson* claim against Terra-Mulch.

To reiterate, "[t]he elements of a *Woodson* claim are: (1) misconduct by the employer; (2) intentionally engaged in; (3) with the knowledge that the misconduct is substantially certain to cause serious injury or death to an employee; and (4) that employee is injured as a consequence of the misconduct." *Pastva*, 121 N.C. App. at 659, 468 S.E.2d at 494. Here, even though evidence in the record raises the suspicion that conditions at the Conover Terra-Mulch plant failed to comply with OSHA mandates, the evidence hardly shows that Terra-Mulch's noncompliance or other actions or omissions were substantially certain to cause serious injury or death. *See Whitaker*, 357 N.C. at 558, 597 S.E.2d at 669 (reinstating grant of summary judgment to municipal employer because plaintiff's evidence was insufficient to establish *Woodson* claim); *see also Maraman v. Cooper Steel Fabricators*, 146 N.C. App. 613, 555 S.E.2d 309 (2001) (reversing directed verdict on *Woodson* claim for defendant-employer), *rev'd in part*, 355 N.C. 482, 562 S.E.2d 420 (2002) (per curiam). Rather, the most favorable view of Plaintiffs' evidence demonstrates that the auger pit was inadequately guarded prior to Hamby's injury, in violation of OSHA regulations; the Risk Assessment Report tends to show that Terra-Mulch was aware of the inadequately guarded augers before Hamby was injured. As in *Pendergrass*, the Risk Assessment Report, even when cumulated with Plaintiffs' original forecast of evidence, does not sufficiently show that Terra-Mulch was substantially certain that serious injury or death would result. Accordingly, we reject Plaintiffs' contention that the trial court erred by denying their motion to reconsider.

### III.

**[3]** In their final argument, Plaintiffs contend that the trial court erred by granting summary judgment to Terra-Mulch before ruling on their outstanding motion to compel discovery.

After Terra-Mulch moved for summary judgment, Plaintiffs filed a motion to compel discovery against Profile and Terra-Mulch. The motion specifically requested an order compelling discovery pursuant to North Carolina Rule of Civil Procedure 37(a)(2), and stated further: "Additionally and out of an abundance of caution, Plaintiffs request relief pursuant to Rule 56(f) . . . insofar as [Profile and Terra-Mulch] are refusing to produce materials which would bolster Plaintiffs' opposition to [Profile's and Terra-Mulch's] motion for summary judgment." The motion identified "information regarding other workplace injuries, workplace safety and OSHA compliance issues,

and documents related to investigation of workplace safety incidents," including Reports of Injury.

The trial court heard all pending motions, including Plaintiffs' motion to compel and outstanding summary judgment motions, in a single hearing that occurred on 6 and 8 June 2005. At the hearing, the trial court heard argument from all counsel regarding the evidence and claims, and subsequently the court requested argument on Plaintiffs' motion to compel. Plaintiffs' counsel identified the Reports of Injury as the most important information sought in their motion to compel. Ultimately, after further argument on the discovery issue from counsel for Plaintiffs and Defendants, the following exchange occurred:

> [Terra-Mulch's counsel]: There's nothing that they've asked for that would have any effect upon our argument as stated in our brief. If you'll look at them, nothing they're asking for has anything to do with it.

> The Court: I haven't heard anything either, but, obviously, depending on how I rule on those other motions, it might take care of the motion to compel or a motion for protective order.

> [Plaintiffs' counsel]: Judge, as we stated in our brief, we think, based on the prior safety audit and the testimony of Mr. Hoffman that an injury, serious injury, was virtually inevitable, we think we meet the *Woodson* standard. I filed—I have filed a motion to compel and noticed their motion for protective order out of an abundance of caution to make sure I don't have to defend a motion without having documents that will bolster my case, but I think we have sufficient evidence in the record now to defeat the pending motions for summary judgment, but if there's any doubt with the Court, then I think I'm entitled to those documents, because I think they might further bolster our case.

The remaining argument went to the merits of the pending motions for summary judgment with no further mention from either side of the discovery issues.

It is ordinarily error for a trial court to rule on a summary judgment motion without addressing a pending motion to compel discovery that "might lead to the production of evidence relevant to the motion . . . and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 512, 256 S.E.2d 216, 220-21 (1979). However, the court "is not barred in every case from

granting summary judgment before discovery is completed." *Patrick v. Wake Cty. Dep't of Human Servs.*, 188 N.C. App. 592, 597, 655 S.E.2d 920, 924 (2008) (quoting *N.C. Council of Churches v. State*, 120 N.C. App. 84, 92, 461 S.E.2d 354, 360 (1995), *aff'd*, 343 N.C. 117, 468 S.E.2d 58 (1996)). A trial court's granting summary judgment before discovery is complete may not be reversible error if the party opposing summary judgment is not prejudiced. *See Conover*, 297 N.C. at 512-13, 256 S.E.2d at 220-21 (holding that trial court's grant of summary judgment before completion of discovery did not prejudice party opposing summary judgment because information sought by pending discovery requests emerged at the hearing). *But see Ussery v. Taylor*, 156 N.C. App. 684, 686, 577 S.E.2d 159, 161 (2003) (stating that "plaintiff did not have adequate time to develop his case" where trial court granted summary judgment while plaintiff had pending discovery requests and had not been dilatory); *Burge v. Integon Gen. Ins. Co.*, 104 N.C. App. 628, 630-31, 410 S.E.2d 396, 398 (1991) (holding the trial court erred by granting summary judgment a short time after initial discovery requests, and the plaintiff detrimentally relied on the defendant's promise to provide additional discovery). Moreover, this Court has stated that, generally, "motions for summary judgment should not be decided until all parties are prepared to present their contentions on all the issues raised and determinable under Rule 56." *Am. Travel Corp. v. Cent. Carolina Bank & Tr. Co.*, 57 N.C. App. 437, 441, 291 S.E.2d 892, 895, *disc. rev. denied*, 306 N.C. 555, 294 S.E.2d 369 (1982).

Plaintiffs here argue the trial court erred by granting summary judgment without compelling production of Reports of Injury that allegedly would have "bolstered" their opposition to summary judgment. Plaintiffs characterized, at the summary judgment hearing and in their brief before this Court, the Reports of Injury as "bolstering" their opposition to summary judgment because they acknowledge receiving OSHA logs documenting the same injuries as the unproduced Reports of Injury. They also contend the Reports of Injury "could have proven the total number of workplace injuries at the [Conover Terra-Mulch] plant" and "the occurrence of similar incidents." Before this Court, Plaintiffs depict the OSHA logs as insufficient because they "contain only the vaguest description of an injury such as 'left eye' or 'mashed left thumb.' "

In contrast, Plaintiffs' position before the trial court was that they produced sufficient evidence to establish their *Woodson* claim against Terra-Mulch without the Reports of Injury, and their motion to

compel was a mere "abundance of caution"—a figurative "just-in-case" the trial court finds our evidence insufficient. Consistently with that position, Plaintiffs' counsel spent the remainder of the summary judgment hearing, on 8 June 2005, arguing the merits of the pending claims with no further insistence upon obtaining any additional discovery. Plaintiffs may not now argue the trial court erred by granting summary judgment for Terra-Mulch before ruling on their motion to compel when Plaintiffs manifestly acquiesced in that course of events at the summary judgment hearing. *Cf. Belcher v. Fleetwood Enters., Inc.*, 162 N.C. App. 80, 84, 590 S.E.2d 15, 18 (2004) (holding that plaintiffs could not complain that they had insufficient time to produce evidence where the trial court transformed defendants' Rule 12(b)(6) motion into a motion for summary judgment because plaintiffs "fully participated in the hearing" and did not request a continuance at the hearing).

Moreover, the trial court was required to give Plaintiffs, as the nonmoving party, the most favorable view of the evidence at summary judgment. *Jones*, 362 N.C. at 573-74, 669 S.E.2d at 576. Considering Plaintiffs' acknowledgment that the OSHA logs document most, if not all, of the same injuries documented by the Reports of Injury, we cannot conclude that any additional information in the Reports of Injury would have produced a different outcome. Nor are we moved by Plaintiffs' argument that any additional information in the Reports of Injury regarding "the total number of workplace injuries" or "the occurrence of similar incidents" would have assisted them any more than the OSHA logs in establishing their *Woodson* claim. Again, Plaintiffs were entitled to the most favorable view of the evidence in the OSHA logs, which show injuries over the span of at least three years at the Conover Terra-Mulch plant, including, by Plaintiffs' own admission, "numerous incidents that appear to be the same type injury as Hamby suffered . . . ." Thus, the OSHA logs, when viewed most favorably to Plaintiffs, sufficed to show the record of previous injuries at the Conover Terra-Mulch plant, and the similarity of those injuries to Hamby's.

Accordingly, we find no error in the trial court's granting summary judgment to Terra-Mulch while discovery requests were pending because: Plaintiffs expressed a preparedness to oppose summary judgment without the Reports of Injury; argued the merits of the summary judgment motions without requesting further discovery; did not object during the trial court's rulings; and the OSHA logs, when viewed most favorably to Plaintiffs, provided a sufficient forecast of

DALENKO v. PEDEN GEN. CONTR'RS, INC.

[197 N.C. App. 115 (2009)]

any additional evidence Plaintiffs allege to exist in the Reports of Injury. Indeed, our Supreme Court in *Whitaker* emphasized that *Woodson* "represents a narrow holding in a fact-specific case." *Id.* at 557, 597 S.E.2d at 668. Here, as in the majority of *Woodson* cases, Plaintiffs' evidence is insufficient even if Terra-Mulch had pre-incident knowledge of the Risk Assessment Report and the unproduced Reports of Injury.

In sum, we affirm the trial court's denial of Plaintiffs' motion to reconsider; deny Plaintiffs' petition for writ of certiorari; and deny Terra-Mulch's motion to dismiss.

Affirmed.

Chief Judge MARTIN and Judge ERVIN concur.